Staryeu *v.* Midouhas et al., Appellants.

Argued January 27, 1930.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*David Landau,* of *Landau & Nogi,* for appellants.

*Harold Scragg,* of *Scragg, Scragg & Casey,* for appellee.

PER CURIAM, March 17, 1930:

Appellant states two questions involved as follows: (1) Should a mechanic's lien be dismissed, where plaintiff (claimant) files his claim as trading under a fictitious name, and is, admittedly, a nonresident of Pennsylvania, who failed to register or pay a fine as required by the Act of June 29, 1923, P. L. 979, amending the Act of June 28, 1917, P. L. 645, and who had no personal dealings with defendants, the owners of the real estate against which the lien is claimed? (2) Can this question be raised preliminarily under the Act of March 5, 1925, P. L. 23?

The court below, answering both questions in the negative, discharged a rule to dismiss plaintiff's claim, and defendants have appealed.

In Lackawanna Co. v. James, 296 Pa. 225, we very recently held that the purpose of the Act of 1925 was to enable a defendant to have determined preliminarily whether the court of first instance lacks jurisdiction either over the defendant personally or over the cause of action involved in the suit, and that this statute was "not intended to furnish a short cut to a determination of the issues of law or fact [involved in a case], however certain their ultimate determination may appear to be."

Again, in Skelton v. Lower Merion Twp., 298 Pa. 471, we more recently held that the Act of 1925 "applies only to cases where......the court has no jurisdiction over the defendant or the cause of action for which suit is brought," and that jurisdiction over the "cause of action," as that expression is used in the statute, has ref-

erence "solely to the competency of the particular court to determine controversies of the general class to which the case then presented for......consideration belongs." In the present instance, it is entirely plain that the court below had jurisdiction of plaintiff's cause of action; or, in other words, the court was vested with jurisdiction to determine mechanic's lien cases. It is plain, also, that the court had jurisdiction over the defendant. Finally, the matters suggested in the first question involved, going to the alleged incompetency of plaintiff to invoke the jurisdiction of the court below, are not of a character to be raised preliminarily under the Act of 1925.

The order appealed from is affirmed.