## Gray *v.* Camac, Exrx., Appellant.

Argued April 20, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Walter D. Stewart,* for appellant.

*James R. Wilson,* for appellee, was not heard.

PER CURIAM, May 11, 1931:

Defendant resists the bill in this case on the ground of lack of jurisdiction of the court below. The appeal is from the order overruling defendant's objections.

Willard A. Gray, plaintiff, in his bill avers that he and defendant's decedent, John W. Camac, had for a number of years been associated together as copartners in a real estate business, plaintiff conducting the affairs of the partnership in the City of Philadelphia, and Camac those arising in the State of Florida. Camac died in September, 1929, leaving a will naming his wife, Sallie R. Camac, as executrix. Letters testamentary were granted the latter in the State of Florida, and also ancillary letters testamentary by the register of wills of Philadelphia County. Plaintiff avers he has furnished, at the request of defendant executrix, accounts setting forth the Philadelphia branch of the business, and is prepared to make a full accounting and settlement of all matters arising and conducted in that city, but has been excluded by defendant from participating in settling partnership matters generally and has been denied by defendant access to and possession of the records of the business conducted in the State of Florida.

Defendant's answer avers, as preliminary objections, insufficient averments in plaintiff's bill, and denies jurisdiction in the courts of this State, asserting that "the bill......can only be maintained by the plaintiff......in the courts of Florida wherein the property [of decedent] is located." The court below overruled defendant's objections and directed an answer within thirty days. Whether or not the courts of this State have jurisdiction is the controlling question for determination. That question the court answered affirmatively, and defendant appealed.

The court below correctly held that defendant having by counsel entered a general appearance, instead of an appearance de bene esse as permitted by the Act of March 5, 1925, P. L. 23, her preliminary objections come too late and preclude her from questioning the court's jurisdiction. Moreover, we have held the Act of 1925 applies only to cases where the court is either without jurisdiction over defendant or the cause of action for which suit is brought, and that "jurisdiction over the 'cause of action,' as that expression is used in the statute, has reference 'solely to the competency of the particular court to determine controversies of the general class to which the case then presented for......consideration belongs' ": Staryeu v. Midouhas, 299 Pa. 352, 353-4, quoting from Skelton v. Lower Merion Twp., 298 Pa. 471, 473. Manifestly, the court below possessed jurisdiction to determine "controversies of the general class" to which the present case belongs, as well as of defendant, who is a resident of Pennsylvania and ancillary executrix acting under authority of letters granted by a proper official of this State.

The decree is affirmed at cost of appellant.