Koontz *v.* Messer et al., Appellants.

Argued March 20, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John E. Evans, Sr.,* with him *Charles J. Margiotti* and *Harold T. Parker,* for appellants.

*Robert M. Dale,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 23, 1934:

In this action of trespass plaintiff seeks to recover damages from her father and a corporation of which he was president, for injuries alleged to have been sustained by her as the result of a collision between an automobile driven by her husband, in which she was riding, and the car of a third party. She avers that the collision was caused solely by the negligence of her husband, as such driver, while he was engaged in the business of her father and the corporation. These facts are somewhat unusual, but the only point to be considered on this appeal is simple, and has been decided many times.

After they were served with the summons in trespass, her father and the corporation, under the authority of the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, caused a writ of scire facias to be issued against her husband, as an additional defendant. He was the one whose personal negligence admittedly caused plaintiff's injury, and who, by reason thereof, as they alleged, was answerable over to them, if damages should be recovered in the principal suit. He was duly served with the scire facias, and thereupon preliminarily moved the court below, in accordance with the Act of March 5, 1925, P. L. 23, to quash the writ for want of jurisdiction. It erroneously did so, and thereupon the original defendants prosecuted the present appeal.

The statute provides "That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." As

we have frequently pointed out, this statute has nothing to do with the merits of the controversy between the plaintiff and either the original or added defendant; it deals only with "the question of jurisdiction over the defendant, or of the cause of action for which suit is brought." In one of the earlier appeals under the act (Lackawanna Co. v. James, 296 Pa. 225, 227) we said: "The purpose of the statute is to enable a defendant to have determined, preliminarily, whether he is required to answer to the action, instead of having to wait until after he has incurred the delay and expense of a trial and appeal, only to find out, at the end of the litigation, that the case should not have been heard on the merits at all. It was not intended to furnish a short cut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be." This evidences that its purpose relates entirely to matters which are preliminary to the requirement of answering to the action, not to those which, in themselves, are or are alleged to be a defense to the action, either by the original or the additional defendant. So, also, in one of our latest cases (Lewis v. Beatty, 306 Pa. 242, 244) it is stated that "The appeal is without merit. The court has jurisdiction over the defendant as he was personally served, and no question is raised as to the regularity thereof. It is equally clear that the court of common pleas where the suit was brought has jurisdiction over the cause of action, to wit, slander. Having jurisdiction over both the defendant and the cause of action, the petition could not be granted. ...... As to the other questions sought to be raised here the appeal is premature. Neither the sufficiency of the pleadings nor any other questions suggested as an answer to plaintiff's claim, aside from jurisdiction, can be considered on appeal under the Act of 1925. We have often so held."

In the instant case, plaintiff's husband, who is the appellee, was personally served with the scire facias, and

thereby the court acquired jurisdiction over him. The cause of action is trespass for negligence, and over it the court clearly has jurisdiction. All of appellee's contentions relate to defenses which he alleges he has to the claim that he is liable over to them. As we have shown, these questions, no matter how interesting and important they may be, nor how "certain their ultimate determination [in favor of appellee] may be alleged to be," they cannot be raised by proceeding under the Act of 1925, and this is all we have now before us.

The order of the court below is reversed, the scire facias proceedings are reinstated and a procedendo is awarded.