Welser *v.* Ealer, Appellant.

Argued November 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*David B. Skillman,* for appellant.

*Robert S. Bachman,* for appellee, was not heard.

PER CURIAM, January 7, 1935:

This case is before us by virtue of the provisions of the Act of 1925, P. L. 23, authorizing an appeal from the preliminary determination of the lower court's "jurisdiction over the defendant or of the cause of action for which suit is brought." The action is in trespass to recover damages for injuries resulting from an automobile accident. Defendant, the owner of the car in which plaintiff was riding when the accident occurred, filed a petition under the Act of 1925, supra, questioning the jurisdiction of the court on the ground that plaintiff, at the time of receiving the injury here complained of, was an employee of defendant and injured in the course of his employment. The petition further asserted that, as a consequence of the facts averred therein, "plaintiff is precluded from asking damages for his injury by any method other than that prescribed in the Workmen's Compensation Act." A rule to show cause why a compulsory nonsuit should not be awarded was granted and after argument discharged by the court. Defendant appeals.

Any one of several reasons compels us to quash the appeal. In the first place defendant has not followed the provisions of the act. The summons in this case was issued December 14, 1933, and the statement of claim filed the same day. Service was accepted by defendant December 18, 1933. Instead of proceeding promptly and preliminarily to question the court's jurisdiction, defendant by his counsel entered a general appearance on December 22, 1933, and waited over six months thereafter, or until July 9, 1934, to present his petition raising the question of jurisdiction. We have several times held that once defendant has entered a general appearance in answer to a summons he cannot afterward question the court's jurisdiction by an appearance de bene esse in the manner provided by the Act of 1925, supra: Gray v. Camac, 304 Pa. 74; Nagle v. Nagle, 311 Pa. 187.

By accepting service and appearing generally defendant acknowledged the court's jurisdiction over his person. Manifestly it has jurisdiction over the cause of action alleged in the statement, namely, trespass to recover damages for personal injuries. No other matters are open for inquiry in proceedings of this nature. Jurisdiction of the cause of action, as used in the statute, relates "solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs": Skelton v. Lower Merion Twp., 298 Pa. 471, 473. See also Koontz v. Messer, 314 Pa. 434.

Moreover, we are not favorably impressed with the consistency of defendant's position. The injuries complained of by plaintiff were suffered on February 23, 1933. The latter filed a claim petition against appellant for compensation in accordance with the Workmen's Compensation Act and a hearing was held June 14, 1933. The claim was resisted by defendant who contended that at the time of the accident the relationship of master and servant did not exist between the parties. The referee sustained this view and his decision was affirmed on appeal to the Workmen's Compensation Board. No further appeal was taken by either party in that proceeding. Subsequently plaintiff brought the present suit in the court of common pleas, and appellant is now attempting to defend the action by asserting that plaintiff at the time of the accident was his employee, and must seek his redress under the provisions of the Workmen's Compensation Act. It is no adequate excuse that the two suits were defended by different insurance companies, each of which was doubtless intent on evading liability, if possible. They were defending in appellant's name and he cannot be heard to prejudice plaintiff's rights by blowing hot and cold in this fashion.

The appeal is quashed.