Reeser's Milk Company *v.* Pates et al., Appellants.

Argued September 30, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. F. Daniels,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Harry Polikoff,* Special Deputy Attorney General, for appellants.

*Thomas Raeburn White,* of *White, Maris & Clapp* and *Richard C. Bull, Paul H. Rhoads* and *Julius Rapoport,* for appellee, were not heard.

PER CURIAM, October 17, 1935:

The order appealed from is affirmed on the following extract from the opinion filed by the learned president judge of the court below:

"The plaintiff, a milk dealer in this State, brings this bill in equity to enjoin the enforcement of the Act of April 30, 1935, P. L. 96, on the ground that the act is unconstitutional and void in its entirety.

"The defendants have filed a petition under the Act of March 5, 1925, P. L. 23, questioning the jurisdiction of this court.

"The first section of the Act of 1925 provides:

" 'That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments.'

"Section 4 of that act provides that the right of appeal is not intended to cover questions of jurisdiction which go to the form of the action alone as between law and equity.

"There have been a number of cases which have construed the Act of 1925. In Staryeu v. Midouhas, 299 Pa. 352, the defendant attempted to have a claim upon a mechanic's lien dismissed on the ground that the court had no jurisdiction because the claimant, a nonresident of Pennsylvania, was trading under a fictitious name and failed to register. In that case it is held:

" 'The purpose of the Act of March 5, 1925, P. L. 23, is to enable a defendant to have determined preliminarily, whether the court of first instance lacks jurisdiction either over the defendant personally or over the cause of action involved in the suit.

" 'The Act of 1925 was not intended to furnish a short cut to the determination of the issues of law or fact involved in a case, however certain their ultimate determination might appear to be.

" 'Jurisdiction over the "cause of action," as that expression is used in the statute, has reference solely to the competency of the particular court to determine controversies of the general class to which the case then presented for consideration belongs.'

"To the same effect, are the cases of Skelton v. Lower Merion Twp., 298 Pa. 471; Rutherford Water Co. v. Harrisburg, 297 Pa. 33; Lackawanna Co. v. James, 296 Pa. 225:

"It is conceded that, in a proper case, this court, being the court at which the seat of government is, has jurisdiction to restrain illegal or unconstitutional acts of State Officials and the Administrative Boards of the State Government. That being so, it appears that we have jurisdiction 'over the defendant,' the defendants being, in this case, two members of an Administrative Board of the State Government. The bill avers that the act which creates the board and which authorizes it to promulgate rules and regulations which shall have the force and effect of law, to the extent that their violation may be made the basis of criminal prosecutions, is wholly unconstitutional and void. It would therefore

appear that the bill avers that an Administrative Board is about to engage in wholly unconstitutional practices, and that, when properly pleaded, is a cause of action of which this court has jurisdiction.

"As we understand the argument of the defendant, it is that the bill is premature because no criminal prosecution has been threatened and that the defendant has an adequate remedy at law if subjected to such prosecution. It is conceded that we are not yet confronted with the question of the constitutionality of the Act but only whether the bill of complaint presents a case within our jurisdiction, and yet a large portion of the oral arguments and the briefs are directed to the question of constitutionality.

"Plainly stated, the contention of the Commonwealth must be reduced to the proposition that this bill has not averred sufficient facts to give the court jurisdiction, because, upon the averments, considering them to be sound, the plaintiff is not entitled to recover. But in Skelton v. Lower Merion Twp., supra, at page 473, the court said:

" 'Whether or not a plaintiff has averred sufficient facts in his statement of claim to entitle him to recover, is not a matter open for consideration under the statute. His failure so to do would not raise a question of jurisdiction of the cause of action, as those words are used in the statute, since they relate solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs.'

"Certainly the general class of suits to restrain an administrative board from operating under statutes alleged to be unconstitutional is within the jurisdiction of this court."

Order affirmed, costs to abide the result.