## Sun Ship Employees Association, Inc., *v.* Industrial Union of Marine and Shipbuilding Workers of America, Local No. 2, C. I. O., Appellant, et al.

Argued Sept. 25, 1944. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*M. H. Goldstein,* with him *James A. Cochrane,* for
appellant.

·*Guy G. DeFuria,* with him *Guy W. Davis,* for ap-
pellee.

OPINION BY MR. JUSTICE HUGHES, December 29, 1944:

The Sun Ship Employees Association filed a bill in
equity against the Industrial Union of Marine and Ship-
building Workers of America, Local No. 2 C. I. O., and
the Sun Shipbuilding and Drydock Company, in which
it was averred that both labor groups had members em-
ployed by the company; that on March 22, 1937, follow-
ing a consent election by the employees of the company,
the Sun Ship Employees Association was designated
exclusive bargaining agent by the National Labor Re-
lations Board; that they continued to act in that capa-
city until a complaint was filed against them which
eventually led to the parties to this action entering into
a private written agreement designated "Agreement for
Consent Election." The purpose of this was to determine

the appropriate bargaining agent of the employees of the Sun Shipbuilding and Drydock Company with their employer. Under this agreement an election was held, resulting in the choice by the employees of the Industrial Union of Marine and Shipbuilding Workers of America, Local No. 2 C. I. O., as the bargaining agent. Alleged irregularities in that election led to the filing of this bill in equity. The bill, among other prayers, asks that the report on the consent election by the Regional Director, as well as the election itself, be declared illegal, null and void. To this bill the Industrial Union of Marine and Shipbuilding Workers of America, Local No. 2 C. I. O., has filed a petition under the Act of March 5, 1925, P. L. 23 (12 PS §§ 672, 673), questioning the jurisdiction of the Pennsylvania court and asking that question to be preliminarily passed upon. The issue before us does not deal with the sufficiency of the facts alleged in the bill of complaint, but solely with the question of jurisdiction. It is agreed there is no diversity of citizenship of the parties and the litigation arises solely out of the conduct of the election pursuant to the agreement referred to. The contract, providing for an election, was an ordinary private agreement wherein the parties consented among themselves that the issues as to representation should be settled in the way which the agreement prescribed. The complaint relates the manner in which the arbiter permitted the election to be conducted and of numerous irregular, improper and fraudulent acts. The complainant had first thought the jurisdiction of the cause of action was in the Federal courts, but in *Sun Ship Employees Association v. National Labor Relations Board et al.*, 139 Fed. (2d) 744, the Circuit Court of Appeals held: "At the outset we are met with the question whether a District Court of the United States has any jurisdiction in a law suit arising out of the facts just stated. We conclude that it has not and this conclusion makes irrelevant and unnecessary the consideration of the other highly interesting questions which the argu-

ment before us has covered. The contract providing for the election, made by the three parties mentioned, was an ordinary, private agreement. It is true that it carried with it an approval by the Regional Director of the National Labor Relations Board. That, we take it, is not what gives the agreement its validity, but simply showed that the Board had no objection to an agreement among the parties concerning a matter about which petition had previously been filed with the Board. By the agreement the parties thereto consented among themselves that the issues as to representation should be settled in the way which the agreement prescribed. While we were advised by counsel and accept as true, the statement that the agreement was executed upon a form provided by the Board and customarily used in these consent elections, the use of the form did not change the fact that the agreements therein contained were those of the parties themselves, neither imposed upon them by any public body, statute or regulation, nor deriving their vitality from such sources. The agreement stated that the Regional Director was to conduct the election and be the judge. But it could have provided that any other reputable citizen, such as the local superintendent of schools, minister of the local church or mayor of the city was to act in that capacity." The contract entered into dealt solely with setting up machinery to conduct an election to determine the appropriate bargaining agent of the employees. That the contract was made among residents of this State and in a matter in which they alone were interested, is not disputed. The litigation arises out of the alleged unlawful manner in which the contract was carried out. The question now before us is not the merits of the complaint set forth in the bill, but is whether this court has jurisdiction to set aside a decision or finding by a private arbiter upon allegations of fraud and illegality. A court may have jurisdiction over the subject matter of litigation even though the statement of claim or the bill of complaint

be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case: *Nippon Ki-Ito Kaisha, Ltd., v. Ewing Thomas Corporation,* 313 Pa. 442, 446, 170 A. 286; *Lackawanna County v. James et al.,* 296 Pa. 225, 227, 145 A. 817; *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547, 184 A. 286.

The question of jurisdiction relates solely to the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs: *Skelton v. Lower Merion Township,* 298 Pa. 471, 473, 148 A. 846; *Grime et al. v. Department of Public Instruction,* 324 Pa. 371, 378, 188 A. 337; *Massachusetts Bonding & Insurance Company v. Johnston & Harder, Inc.,* 330 Pa. 336, 340, 199 A. 216. The petition before us cannot raise in a preliminary way the right of the plaintiff to recover on its cause of action, it only concerns the right to have the cause of action heard and determined: *Skelton v. Lower Merion Township,* supra. The purpose of the Act of 1925, supra, under which the petition was filed, is to afford a speedy means of securing a final determination of jurisdictional matters *in limine* before inquiry into the merits of the case: *Wilson v. Garland,* 287 Pa. 291, 293, 135 A. 131; *Wettengell v. Robinson et al.,* 288 Pa. 362, 136 A. 673.

The contract involved in this action, now being the subject of dispute and it being averred that the arbiter appointed under it acted fraudulently and illegally in violation of its terms, depriving the plaintiff of valuable contractual and property rights, a court of equity will have jurisdiction to hear the complaint and grant such relief as, when the case is tried on its merits, is determined to be just and equitable.

Decree affirmed and the record remitted to the court below with a procedendo.