## Lackawanna County Appeal.

Argued March 6, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Philip V. Mattes,* County Solicitor, for appellant.

*John R. Edwards,* School Solicitor, for appellee.

OPINION BY RHODES, J., April 12, 1945:

This is a proceeding to determine the proper basis for distribution of the proceeds of the sale of a property by a municipality under the Act of May 21, 1937, P. L. 787, as amended by the Acts of July 29, 1941, P. L. 600, and May 21, 1943, P. L. 282, 72 PS §5878a et seq. A property in the city of Scranton, owned by and assessed in the name of F. L. Peck, was sold in 1940 at a county treasurer's sale for nonpayment of taxes, and was purchased by the County Commissioners of Lackawanna County. In 1943, after the period of redemption had expired, an offer of $1,000 was made to the county

commissioners for the property. A petition was presented to the court of common pleas by the county commissioners asking approval of a proposed compromise and private sale, and setting forth that the unpaid taxes including penalties from 1934 to 1943 aggregated $16,668.72.

The interested taxing authorities are: County of Lackawanna; City of Scranton; Scranton School District; and the Scranton-Dunmore Poor District (later the Lackawanna County Institution District). After notice to them and after hearing, the court approved the compromise, settlement, and private sale, and directed conveyance of the property to the purchaser. Thereafter the county commissioners petitioned the court that the fund be distributed pro rata to the different taxing authorities in accordance with the respective amounts and the respective priorities of the various tax liens. No municipal claims are involved. Specifically they asked that the 1934 county tax, the oldest in priority and senior in lien, should be first paid in full; that the residue should then be applied pro rata to the 1935 county and city taxes, and that the remainder, if any, should be applied pro rata to the 1936 taxes of the city and institution district. In 1934 the owner paid all taxes except the county tax; in 1935 he paid all except the county and city taxes; in 1936 he paid all except the city and institution district taxes. From that time on no taxes were paid whatsoever. The school district filed an answer contending that all taxes should be lumped together regardless of their respective priorities, and that the fund should then be apportioned to the several authorities according to their total unpaid taxes. The distribution suggested by the school district and approved by the court would be approximately as follows, based upon the delinquent taxes outstanding without penalties:

| | |
|---|---|
| Scranton School District ................ | $ 402.88 |
| City of Scranton ..................... | 402.88 |
| County of Lackawanna ................ | 129.49 |
| Lackawanna County Institution District | 64.75 |

$1,000.00

The county commissioners, who have appealed, contend that the distribution should be as follows:

| | |
|---|---|
| County of Lackawanna, taxes for 1934 ... | $ 363.87 |
| City of Scranton, account of taxes for 1935 | 439.34 |
| County of Lackawanna, account of taxes for 1935 ......................... | 196.79 |

Section 4 of the Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600, §1, 72 PS §5878d, provides, inter alia, as follows: "The proceeds of such compromise or private sale shall be distributed, first to the costs of sale whereat the property was acquired, and the balance to the respective taxing authorities in proportion to their tax and municipal claims. The title conveyed shall be free and clear of all tax and municipal liens, but shall not discharge any other liens not discharged by the tax sale or sale on municipal claim."

The question involved in the present case is whether under this section of the act priority of lien of a tax claim shall be recognized. In other words, shall the oldest tax having priority be paid first.

We think the words "in proportion to their tax ...... claims" apply not merely to the amounts of the claims but to their respective priorities. Consequently, we agree with the contention of the appellants.

In Erie School District Appeal, 155 Pa. Superior Ct. 564, 39 A. 2d 271, we held that in the distribution of the proceeds of a compromise or private sale under the Act of 1937, as amended, supra, taxes are to be paid in full before municipal liens. We there held (155 Pa. Superior Ct. 564, 572, 573, 39 A. 2d 271, 275) that, "In any event, the intent of the legislature, as expressed by

the quoted words of the Act of 1941, 72 PS §5878d, cannot be determined by ignoring other legislation on the subject, which clearly expresses a consistent intent as to the respective priorities, and provides for general uniformity"; and that "we will not place a municipal claim upon an equal basis with a tax claim in the absence of a plain legislative declaration of a change of policy."

It has not only been the legislative intent to regard taxes as liens superior in point of payment to all other liens, but it has likewise been the legislative intent that tax claims be paid out of the proceeds of sale first and according to their priority. See Act of June 4, 1901, P. L. 364, §32 (repealed and supplied) ; Municipal Lien Act of May 16, 1923, P. L. 207, §31, 53 PS §2051; Act of June 26, 1939, P. L. 1100, §4, 72 PS §5941.4; *Erie School District Appeal,* supra.

A sale under the Act of 1937, as amended, supra, does not materially differ from sales denominated judicial sales. It is under the control of the court, and it is the power of the court which gives validity to the sale. See *City of Uniontown v. McGibbons et al.,* 115 Pa. Superior Ct. 132, 139, 174 A. 912; *City of New Castle v. John Whaley's Heirs et al.,* 102 Pa. Superior Ct. 492, 496, 157 A. 503; sections 3 and 4 of Act of May 21, 1937, P. L. 787, as amended, 72 PS §§5878c, 5878d.

Section 4 of the Act of 1937, as amended by the Act of 1941, 72 PS §5878d, when construed in connection and in harmony with existing law, and as a part of a general and uniform system of jurisprudence, cannot be given the construction placed upon it by the court below. See *Seltzer v. Reading,* 151 Pa. Superior Ct. 226, 230, 30 A. 2d 177. To do so would not only create diversity but inequality of distribution. In considering the construction to be given the words of the act, inquiry into the legislative background of tax claims is not only permissible but is of capital importance. From such an examination we gather that there is no room

for conflicting inferences as to the legislative intent. Tax claims are not only prior to all other claims as to distribution, but distribution shall be made in accordance with their respective priorities. We believe there is every reason for giving the words of the act that construction which recognizes legislative intent as to priorities and uniformity, and likewise produce the most equitable result.

It is proper that the county receive its 1934 tax in full, and that the city and county pro rate as to their 1935 taxes. The school district received its 1934, 1935, and 1936 taxes in full. Under the distributive plan for which it contends the school district, having received its 1934, 1935, and 1936 taxes in full, would now receive a substantial share of its 1937 tax, while the county would receive only a fraction of its 1934 tax and nothing on subsequent taxes.

Any one of the taxing authorities had an opportunity to disapprove of the proposed compromise sale. If the price was inadequate protest should have been made. The fact that the school district may not participate in this distribution does not necessarily mean that such a sale is not advantageous to it. Community interest is not circumscribed within such narrow limits.

Appellants held the property as trustees for the benefit of all the taxing authorities which had valid, enforceable claims for unpaid taxes against it, in proportion to their respective interests. See section 10 of the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, §6, 72 PS §5971j; section 17 of the Act of May 29, 1931, P. L. 280, as amended by the Act of May 21, 1943, P. L. 364, §1, 72 PS §5971q; *Andrews Land Corporation's Appeal,* 149 Pa. Superior Ct. 212, 214, 27 A. 2d 700; *Erie School District Appeal, supra,* 155 Pa. Superior Ct. 564, 570, 39 A. 2d 271.

It is significant that the long recognized principle that the tax oldest in point of lien shall have priority has not been changed by any legislative pronouncement.

·A change of such policy is not to be inferred merely from the lack of uniformity of phraseology in the expression of legislative declarations relating to the distribution of the proceeds of the sale of property to tax claims when such property is sold under various circumstances. There may be situations where the nature of the ownership and the method of sale of property sold for the nonpayment of taxes would necessarily require distribution of the proceeds on the basis of lien equality. But the present case is not of that type, and, as we view it, it is governed by the general policy which recognizes the respective priorities of tax liens.

The order of the court below is reversed, and the record is remitted to that court, with direction to make distribution in accordance with this opinion. Appellee to pay the cost.