Zerbe Township School District et al. *v.* Thomas et al., County Commissioners et al., Appellants.

Argued October 30, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused January 7, 1946.

*John M. Smith, Jr.,* with him *Charles C. Lark, James J. Gallagher* and *Daniel W. Kearney,* for appellants.

*Richard Henry Klein,* for appellees.

164

OPINION BY MR. JUSTICE HORACE STERN, November 26, 1945:

This is an appeal under the Act of March 5, 1925, P. L. 23, from a decree of the Court of Common Pleas of Northumberland County refusing to dismiss a bill in equity for alleged want of jurisdiction.

The bill was brought by the School District of Zerbe Township and the Township of Zerbe against the County, the County Commissioners, the County Solicitor, the County Mining Engineer, a former County Commissioner, and a number of corporations and other individuals. It alleged that nearly half a million dollars of delinquent taxes are due—the larger portion to plaintiffs—upon certain coal lands described in the bill, that these lands were purchased by the County at County Treasurer's sales in 1943 and 1945, that coal is being mined therefrom by defendant coal companies, that timber is being cut and removed by some of the defendants, that the County Solicitor, the County Mining Engineer and the former County Commissioner have secret interests in these coal companies and are obtaining profits and royalties from their operations, that none of the income is being paid to the County Commissioners or any of the taxing districts, and that this situation has been called to the attention of the County Commissioners but they have refused to take action to protect the public interests. Accordingly the bill prayed for an injunction to restrain the alleged waste, for the appointment of a receiver, and for an accounting. The court, upon affidavits, issued a preliminary injunction against the defendants (other than the County and the County Commissioners) and appointed a temporary receiver to take possession of the mines and to manage and conduct them. Defendants took a rule to show cause why the bill should not be dismissed for want of jurisdiction. The Court, after hearing argument, discharged the rule, accompanying its decision by a comprehensive and well-reasoned opinion.

Appellants misconceive the scope and purpose of the Act of 1925. Even if a plaintiff have no standing to bring his action, even if his statement of claim or bill in equity be demurrable, even if he fail to establish the allegations in his complaint, even if the court ultimately conclude that the relief he seeks should not be granted in whole or in part, not any or all of these circumstances would enter into, much less determine, the question whether the court has jurisdiction of the litigation.

"Whether or not a plaintiff has averred sufficient facts in his statement of claim to entitle him to recover, is not a matter open for consideration under the statute. His failure so to do would not raise a question of jurisdiction of the cause of action, as those words are used in the statute, since they relate solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs.": *Skelton v. Lower Merion Township*, 298 Pa. 471, 473, 148 A. 846.[1]

"A court may have jurisdiction over the subject-matter of litigation even though the statement of claim or the bill of complaint be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case.":

---

[1] *Gray v. Camac*, 304 Pa. 74, 76, 155 A. 105, 106; *Welser v. Ealer*, 317 Pa. 182, 184, 176 A. 429, 430; *Reeser's Milk Co. v. Pates*, 320 Pa. 11, 13, 181 A. 211, 212; *Grime v. Department of Public Instruction*, 324 Pa. 371, 378, 188 A. 337, 340; *Massachusetts Bonding & Insurance Co. v. Johnston & Harder, Inc.*, 330 Pa. 336, 340, 199 A. 216, 218; *Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners, Inc.*, 332 Pa. 71, 74, 2 A. 2d 750, 751; *Gallagher v. Keystone Realty Holding Co.*, 333 Pa. 9, 12, 3 A. 2d 426, 427; *McCabe v. Ivory*, 338 Pa. 572, 575, 14 A. 2d 331, 333; *Sun Ship Employees Association, Inc. v. Industrial Union of Marine & Shipbuilding Workers of America*, 351 Pa. 84, 88, 40 A. 2d 413, 415; *Heffernan's Appeal*, 121 Pa. Superior Ct. 544, 547, 184 A. 286, 287; *Squire v. Fridenberg*, 126 Pa. Superior Ct. 508, 511, 191 A. 631, 632.

*Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners, Inc.,* 332 Pa. 71, 73, 74, 2 A. 2d 750, 751.[2]

"It [the Act of 1925] was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings, however certain their ultimate determination may appear to be.": *Lackawanna County v. James,* 296 Pa. 225, 227, 145 A. 817.[3]

"The matters . . . raised as a preliminary question in the court below went to the right of the plaintiff to *recover* on his cause of action rather than to his right to have his cause of action *heard and determined.* With the former the Act of March 5, 1925, . . . is not concerned.": *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 512, 191 A. 631, 632.[4]

"The matters . . . going to the alleged incompetency of plaintiff to invoke the jurisdiction of the court below are not of a character to be raised preliminarily under the Act of 1925.": *Staryeu v. Midouhas,* 299 Pa. 352, 354, 149 A. 600.

In the light of these pronouncements it is obvious that the questions which defendants are now attempting to raise are not within the range of an appeal under

[2] *Nippon Ki-Ito Kaisha, Ltd. v. Ewing-Thomas Corp.,* 313 Pa. 442, 446, 170 A. 286, 288; *Gallagher v. Keystone Realty Holding Co.,* 333 Pa. 9, 11, 12, 3 A. 2d 426, 427; *McCabe v. Ivory,* 338 Pa. 572, 575, 14 A. 2d 331, 333; *Sun Ship Employees Association, Inc. v. Industrial Union of Marine & Shipbuilding Workers of America,* 351 Pa. 84, 87, 88, 40 A. 2d 413, 415; *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547, 184 A. 286, 287.

[3] *Skelton v. Lower Merion Township,* 298 Pa. 471, 473, 474, 148 A. 846; *Koontz v. Messer,* 314 Pa. 434, 436, 172 A. 457; *Colflesh v. Provident Trust Co.,* 317 Pa. 46, 47, 176 A. 433; *Reeser's Milk Co. v. Pates,* 320 Pa. 11, 13, 181 A. 211; *Gallagher v. Keystone Realty Holding Co.,* 333 Pa. 9, 11, 3 A. 2d 426, 427; *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 548, 184 A. 286, 287.

[4] *Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners, Inc.,* 332 Pa. 71, 74, 2 A. 2d 750, 751; *Gallagher v. Keystone Realty Holding Co.,* 333 Pa. 9, 12, 3 A. 2d 426, 427; *Matthews v. Plum Township and Plum Township School District,* 152 Pa. Superior Ct. 544, 546, 33 A. 2d 38, 39.

the Act of 1925. The argument that plaintiffs do not have a "contingent interest" in these coal mines and therefore do not come within the Act of June 8, 1891, P. L. 208, so as to entitle them to an injunction to restrain waste, and the argument that they are not "purchasers" within the meaning of the Act of July 2, 1937, P. L. 2790, so as to entitle them to a writ of estrepement, merely go to the question whether the court should grant them the relief they seek and have nothing to do with the question of the court's jurisdiction of the subject-matter of the action. Likewise defendants' protest against the appointment of a temporary receiver and the vesting in him of the extensive powers enumerated in the court's decree is not a subject for present consideration. The same observation applies to the contention that plaintiffs, if they have any standing at all, must pursue their remedy on the law side of the court either under statutory provisions or in mandamus proceedings. The question with which we are now concerned is merely whether the Court of Common Pleas of Northumberland County has jurisdiction, not whether it can grant equitable as opposed to legal relief. There are not *two* courts in Northumberland County, one of law and one of chancery, but, as was said by Judge LOWRIE in *Adams v. Beech,* 1 Phila. Rep. 99, 101, only *"one* court, having power to administer redress under the common law or chancery forms, according as the same are appropriate." Section 4 of the Act of 1925 provides that "The right of appeal here conferred is not intended to cover questions of jurisdiction which go to the form of the action alone as between law and equity, such as provided for in the Act of June seven, one thousand nine hundred and seven, (Pamphlet Laws, four hundred and forty)." The procedural principle underlying this provision had been asserted even before the passage of the act. "Whether a case may be brought in the chancery form is only a question of form [of action] and not of jurisdiction . . . It

must be taken advantage of by demurrer and not by objection to the jurisdiction of the court." *Pennsylvania R. R. Co. v. Bogert,* 209 Pa. 589, 602, 59 A. 100, 105.[5]

Can it be doubted that a Court of Common Pleas has jurisdiction to prevent, either by injunctions in equity or by writs of estrepement at law, the commission of waste? It not only has such jurisdiction, but it has also the general power and jurisdiction granted by the Act of June 16, 1836, P. L. 784, §13, to prevent or restrain "the commission or continuance of acts contrary to law, and prejudicial to the interests of the community, or the rights of individuals." [6] Defendants insist that the object back of plaintiffs desire to prevent waste is the collection of taxes and that therefore a court of equity is powerless to interfere. As previously pointed out, this contention goes only to the form of remedy, not the jurisdiction of the court; it may not be amiss, however, to state that equity is not deprived of its jurisdiction to restrain waste merely because these coal lands were originally acquired in the course of the collection of taxes by the County of Northumberland. The sale of the lands by the County Treasurer and their purchase by the Commissioners ended the collection proceedings so far as the taxpayers were concerned; there was left to the latter merely a right of redemption; with the County's acquisition of the title new problems arose with regard to the management of the mines and the distribution among the interested taxing authorities of the proceeds realized therefrom, and to that new phase of the

---

[5] *Smith v. McClure,* 257 Pa. 168, 171, 101 A. 347, 348; *Rutherford Water Co. v. Harrisburg,* 297 Pa. 33, 37, 146 A. 113, 114; *Skelton v. Lower Merion Township,* 298 Pa. 471, 474, 148 A. 846; *Stone v. New Schiller Building & Loan Association,* 310 Pa. 196, 200, 165 A. 12, 13; 8 Standard Pennsylvania Practice, §66.

[6] See *Smith & Fleek's Appeal,* 69 Pa. 474, 479; *Commonwealth ex rel. Kelley v. Pommer,* 330 Pa. 421, 440, 199 A. 485, 492. This provision applied only to the Common Pleas of Philadelphia County, but it became extended to all other counties by the Act of February 14, 1857, P. L. 39.

situation there is not applicable the conventional and dogmatic proposition that equity will not interfere in proceedings for the collection of taxes. In *Derry Township School District v. Barnett Coal Co.*, 332 Pa. 174, 2 A. 2d 758, the plaintiff school district had not completed its collection of taxes from a coal company by a sale of the latter's property nor had it even obtained judgments in actions brought for that purpose; accordingly it was held that a bill in equity would not lie to compel the payment to it of funds of the coal company in the hands of a mortgagee but that the statutory methods prescribed for the collection of taxes had to be pursued and that the school district had not obtained any such interest in the taxpayer's land as would entitle it to an injunction against the commission of waste. There the action was against the taxpayer; here the question is one solely of the respective rights and inter-relationship of the taxing authorities in regard to property purchased and held by one of them for the satisfaction of the taxes due to all.

This brings us to the consideration of another ground on which the court clearly had jurisdiction of the cause of action set forth in the bill. The County held the lands which the Commissioners had purchased at the County Treasurer's sales as trustee for the benefit of all the taxing authorities concerned. In *Andrews Land Corporation's Appeal*, 149 Pa. Superior Ct. 212, 27 A. 2d 700, it was held that after the Commissioners had made such a purchase a city within the county could not proceed to collect the taxes due to it by conducting another sale of its own but could look for that purpose only to its equitable interest in the property in the hands of the Commissioners. Judge KELLER said (p. 214, A. p. 701): "The county took title . . . as trustee for the benefit of all the taxing authorities, county, city, borough, town, township, school district or poor district, which had valid, enforceable claims for unpaid taxes against said

land, in proportion to their respective interests." (See also *Lackawanna County Appeal*, 157 Pa. Superior Ct. 137, 142, 42 A. 2d 103, 105).[7] That the legislature recognized the fact that all of the taxing authorities have equitable interests in lands purchased by the County Commissioners for unpaid taxes is evidenced by the Act of May 21, 1937, P. L. 787, which provides that the taxing authority that has purchased the property may compromise with the former owner the amount of taxes, penalties, interest, and costs due thereon, and may sell the property at private sale, but only upon notice to all the taxing authorities having tax claims against the property of a hearing to be held by the court, the court to grant its approval only if satisfied that the proposed compromise or sale will be to the advantage of all the taxing authorities in interest, and the proceeds of such compromise or sale to be distributed to the respective taxing authorities in proportion to their tax claims. The amendatory Act of May 21, 1943, P. L. 282, went still further by providing that the petition to compromise the taxes, penalties, interest, and costs due, or to sell the property at private sale, may be presented to the court not only by the taxing authority which has purchased the property but by "any taxing authority having an interest therein". It is clear, therefore that on this additional ground of enforcing the obligation of the County and its Commissioners as constructive trustees the court has jurisdiction of these proceedings in equity.

The North Line Coal Company has filed a special assignment of error arising from the alleged fact that it entered into an agreement with the County to redeem

---

[7] In a well reasoned opinion in *Benzinger Township School District v. Elk County*, 50 D. & C. 449, Judge HIPPLE held that where land acquired by County Commissioners for unpaid taxes was later sold by them for a sum in excess of the taxes, interest and penalties due thereon, each of the taxing authorities was entitled to receive, in addition to the amount due to it for unpaid taxes, interest and penalties, its proportionate share of the profits or surplus.

its lands by the immediate payment of the costs inci-
dent to the tax sale, the current taxes, and one-fifth of
the accrued taxes due, including penalties and interest,
by subsequent installment payments of the balance over
a period of four years, and by the payment of the taxes
assessed each year during that period, in accordance
with the provisions of the Redemption Act of July 28,
1941, P. L. 535. When this record is remanded the court
below will consider and determine the right of the North
Line Coal Company to have the injunction against it dis-
solved because of the making of such agreement and
initial payment.

The decree discharging the rule to show cause why
the bill in equity should not be dismissed for want of
jurisdiction is affirmed; costs to abide the event.