Masefield *v.* Masefield, Appellant.

Argued March 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Jerome J. Licari,* with him *George T. Robinson* and *Ralph G. Mastriani,* for appellant.

*Frank S. Weiss,* for appellee.

OPINION BY RHODES, J., April 10, 1946:

The respondent in this divorce action has appealed under the Act of March 5, 1925, P. L. 23, 12 PS § 672 et seq., from an order of the court below dismissing her petition and rule to show cause why the proceedings should not be quashed for want of jurisdiction.

Appellant, in her petition, averred that libellant, at the time of filing his libel and the issuance of the subpoena in divorce and continuously thereafter, was a resident of the city of New York, state of New York. Libellant's bona fide residence in the Commonwealth at least one whole year immediately previous to the filing of his libel is a jurisdictional fact to be averred and established by him. *Huston v. Huston,* 130 Pa. Superior Ct. 501, 508, 197 A. 774; *Frazer v. Frazer,* 71 Pa. Superior Ct. 382; section 16 of the Act of May 2, 1929, P. L. 1237, 23 PS § 16.

Section 1 of the Act of March 5, 1925, P. L. 23, 12 PS § 672, provides: "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings

or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

Assuming that libellant had no standing to bring his action in divorce, and assuming that the court would ultimately conclude that libellant was not entitled to any relief because of nonresidence, these circumstances would not enter into, much less determine, the question whether the court had jurisdiction of the litigation. *Zerbe Township School District et al. v. Thomas et al.,* 353 Pa. 162, 44 A. 2d 566. And the alleged incompetency of libellant to invoke the jurisdiction of the court below is not of a character to be raised preliminarily under the Act of March 5, 1925, P. L. 23, 12 PS § 672. See *Staryeu v. Midouhas et al.,* 299 Pa. 352, 149 A. 600. This statute deals only with "the question of jurisdiction over the defendant or of the cause of action for which suit is brought."

Appeal is dismissed, at the cost of appellant.