## Muldoon v. Muldoon

*H. Lester Haws*, for plaintiff.

*Lloyd H. Wood* of *Wood, Hauser & DiJoseph*, for defendant.

FORREST, J., November 25, 1949.—This matter comes before us upon a complaint in divorce and preliminary objection thereto, raising the question of venue, thus, the objection is a factual one, questioning the residence of plaintiff in this county. Plaintiff claims a residence in Lower Merion Township, Montgomery County, Pa., and defendant answers that plaintiff lives in Mahanoy City, Schuylkill County. The factual question is one of venue, which raises the legal question as to whether this is a matter for preliminary objection. Pa. R. C. P. 1125 provides:

"Pleadings Allowed.

"(a) The pleadings in an action are limited to a complaint, an answer thereto, a bill of particulars, a preliminary objection and an answer thereto.

"(b) Preliminary objections are available to any party and are limited to:

"1. *a petition raising a question of jurisdiction*;

"2. a motion to strike off a pleading because of lack of conformity to law or rule of court;

"3. a demurrer;

"4. a petition raising the defense of lack of capacity to sue or pendency of a prior action." (Italics supplied.)

Thus, we see preliminary objections can be taken to the complaint upon raising the question of "jurisdiction". The question now arises whether in using the word "jurisdiction", the Supreme Court intended to include questions of "venue" or whether "jurisdiction" was used in its narrower sense.

When speaking of the right of the courts of the State of Pennsylvania to entertain the matter, the word "jurisdiction" is used, while the word "venue" is used in commenting upon the right of the court of a certain county to entertain the matter, and properly so. For example, it is commented in Goodrich-Amram Procedural Rules Service, sec. 1122-1:

"The Rules governing actions of divorce and for annulment of marriage apply only where there is *jurisdiction in the Pennsylvania Courts.*" (Italics supplied.)

Section 1122-2:

"*Jurisdiction* to grant divorces from the bonds of matrimony and from bed and board is vested exclusively in the courts of common pleas of the Commonwealth. . . . The *courts of common pleas* also have exclusive *jurisdiction* to annul marriages. However, Section 15 of the Divorce Law specifically provides that 'in such cases, residence of the libellant within the county or State, for any period shall not be required.' This section of the Divorce Law was suspended only insofar as it related to *venue.* Therefore, it is still

effective with respect to *jurisdiction.*" (Italics supplied.)

We do not quote the above as applicable substantive law, but merely to demonstrate how the authorities have used the words "venue" and "jurisdiction" with distinct and different meanings.

Another example where the commentaries have definitely distinguished between "jurisdiction" and "venue" is in 1 Freedman, Law of Marriage and Divorce in Pennsylvania 332, sec. 128:

"VENUE AS JURISDICTIONAL REQUIREMENT. The statutory requirement of residence by libellant or respondent in the county in which the suit is filed, as contrasted with the requirement of residence within the Commonwealth for one whole year immediately prior to the filing of the libel, would appear to be one of *venue only, which is not a matter of jurisdiction* and must, therefore, be taken advantage of before decree.

"The jurisdictional requirement of a one year *bona fide* residence within the Commonwealth is a logical outgrowth of the principle of public policy forbidding transients to invoke the divorce laws of this State. Such considerations of policy, however, are entirely inapplicable to questions of *venue*, for regardless of the *county* where the suit is laid, the libellant must satisfy the *jurisdictional* requirement of a one year *bona fide* residence within the *Commonwealth. The law appears to consider the matter of venue but lightly.* There is no requirement of residence for any period of time within the county where the suit is brought. Accordingly, policy and legislative intent would indicate that *venue* is not a jurisdictional matter and that after the evidence has been presented on the merits, mistake in venue should be considered harmless." (Italics supplied.)

It might be asked why the Supreme Court in framing these rules would allow "jurisdiction" to be questioned and not "venue". This is partially answered by the latter part of section 128 of Freedman, above quoted, and it is further answered by the Supreme Court decisions interpreting the Act of March 5, 1925, P. L. 23, 12 PS §672, which provided:

"Wherever in any proceeding at law or in equity the question of *jurisdiction* over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

In interpreting this act, the Superior Court in Masefield v. Masefield, 159 Pa. Superior Ct. 6 (1946), concluded that this act did not enable a defendant to raise the "question of jurisdiction" by preliminarily objecting to the libel in divorce, saying at page 7:

"The respondent in this divorce action has appealed under the Act of March 5, 1925, P. L. 23, 12 PS §672, et seq., from an order of the court below dismissing her petition and rule to show cause why the proceedings should not be quashed for want of *jurisdiction*. (Italics supplied.)

"Appellant, in her petition, averred that libellant, at the time of filing his libel and the issuance of the subpœna in divorce and continuously thereafter, was a resident of the city of New York. . . ."

Again page 8, id.:

"Assuming that libellant had no standing to bring his action in divorce, and assuming that the court would ultimately conclude that libellant was not entitled to any relief because of nonresidence, these cir-

cumstances would not enter into, much less determine, the question whether the court had jurisdiction of the litigation: Zerbe Township School District et al. v. Thomas et al., 353 Pa. 162, 44 A. 2d 566. And the alleged incompetency of libellant to invoke the jurisdiction of the court below is not of a character to be raised preliminarily under the Act of March 5, 1925, P. L. 23, 12 PS §672. See Staryeu v. Midouhas et al., 299 Pa. 352, 149 A. 600."

The case of Staryeu v. Midouhas et al., immediately supra, makes it more clear as to the application of the Act of 1925, when the court said (p. 354) :

"In the present instance, it is entirely plain that the court below had jurisdiction of plaintiff's cause of action; *or, in other words, the court was vested with jurisdiction* to determine mechanic's lien cases." (Italics supplied.)

Thus, we see that the courts are reluctant to broaden the procedure of preliminary objection procedures. We do not go so far as to say here that the appellate courts would deal with the interpretation of the word "jurisdiction" in the above court's procedural rule, as they have done in the interpretation in the Act of 1925, and therefore, these cases have not been cited for predication of such a conclusion, but merely for the purpose of indicating that the courts will very strictly interpret the language of a statute when the question is whether it enables the raising of preliminary objections, therefore, it follows that in interpreting the word "jurisdiction" in R. C. P. 1125, it should be interpreted in its limited sense and not to include the term "venue".

And now, November 25, 1949, the preliminary objection is dismissed and defendant is allowed 20 days within which to answer, otherwise the matter will be at issue.