Holmes Petition.

Argued September 29, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Francis A. Barry,* Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, and *John W. Mamula,* Assistant County Solicitor, for appellant.

*Ralph D. McKee, Jr.,* with him *Alter, Wright & Barron,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 14, 1955:

This appeal under the Act of March 5, 1925, P. L. 23, challenges the jurisdiction of the court below to appoint a Board of Viewers under the circumstances hereinafter described.

Appellees' motion to quash the appeal on the ground that the question of jurisdiction was not properly raised in the court of first instance will be denied because, although it may, perhaps have been raised there only indirectly, it is important in the interest of the expedition of these protracted proceedings to decide the question at this time.

The claim of the Estate of Lewis W. Holmes against the County of Allegheny arises out of the widening of West Fifth Avenue in the City of McKeesport, which widening is a public improvement by the County authorized by the Pennsylvania Public Utility Commission. By proceedings in the Court of Common Pleas of Allegheny County at No. 109, July Term, 1950, the County petitioned for and received an appointment of a Board of Viewers to determine and award damages to the owners of property taken, injured, or destroyed by the widening. Holmes was the owner of a parcel of land on the southerly side of West Fifth Avenue and house and cottage erected thereon. As a result of the improvement 10 feet of the front of his lot were taken for right of way and in addition 1136 square feet were occupied for slope easement which incidentally resulted in the demolition of the house fronting on the Avenue. In the report of the Board of Viewers filed in July, 1950, Holmes was awarded damages in the

sum of $8,000. The report was confirmed absolutely and no appeal therefrom was taken.

In December, 1950, shortly after those proceedings had terminated, the earth commenced to slide on a part of the Holmes property which had not been actually taken by the County, thereby causing damage to the cottage located on the rear of the lot. Holmes accepted the $8,000 which had been awarded him but without prejudice to his right to recover for the damages to his property remaining after the taking. In 1952, at No. 1821, October Term 1952, he petitioned the Court of Common Pleas of Allegheny County for a Board of Viewers to ascertain and award compensation to him for the damages suffered "by reason of the removal of the support necessary to the premises remaining after the taking by the widening of a portion of West Fifth Avenue, and the consequent taking of petitioner's lands, property or materials." His petition averred that the weakening of the support and the resultant injury and damage to the property were the necessary and unavoidable consequences of the non-negligent performance of the West Fifth Avenue improvement. The court granted the prayer of the petition and appointed a Board of Viewers, whereupon the County moved the court to vacate its order and to dismiss the petition on the ground that it must be conclusively presumed that the original award included all damages recoverable in consequence of the act of eminent domain, that Holmes could not now assert a claim for damages for an injury alleged to have been a consequential result of the act of eminent domain, and that no Board of Viewers had any jurisdiction to hear and determine such a claim. The executors of Holmes' Estate, he having died in the meantime, filed an answer averring that the injury now complained of was too speculative and remote at the time of the origi-

nal proceedings to have been a proper element of damage, that the injury to lateral support was not then contemplated, that no compensation had ever been awarded for such injury, and that a Board of Viewers had jurisdiction to hear and determine the claim. The court refused to vacate its previous order and reaffirmed its appointment of a Board of Viewers.

It should be immediately apparent, in view of all our decisions on the subject, that the present appeal under the Act of 1925 is limited to a determination of the question as to whether the court below had jurisdiction to make such appointment; it cannot raise in a preliminary way the right of the claimant to recover on his cause of action but only the right to have his cause heard and determined even though it might ultimately be decided that he is not entitled to the relief which he seeks.* With that distinction in mind, it is clear that the court did have jurisdiction to appoint the Board of Viewers on the claimant's petition. The Act of May 2, 1929, P. L. 1278, §514, repealed by, but re-enacted verbatim in the Act of July 28, 1953, P. L. 723, §2604, relating to counties of the second class, provided that "The right to damages against counties is hereby given to all owners or tenants of lands, property or material appropriated, injured or destroyed by the county in cases where the right of eminent domain has been exercised, and to all owners or tenants of lands, property or material abutting on

---

* *Skelton v. Lower Merion Township*, 298 Pa. 471, 148 A. 846; *Sun Ship Employees Association, Inc. v. Industrial Union of Marine and Shipbuilding Workers of America*, 351 Pa. 84, 40 A. 2d 413; *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A. 2d 566; *Bell Telephone Company of Pennsylvania v. Philadelphia Warwick Company*, 355 Pa. 637, 50 A. 2d 684; *Zlotziver v. Zlotziver*, 359 Pa. 84, 58 A. 2d 334; *Witney v. Lebanon City*, 369 Pa. 308, 85 A. 2d 106.

or through which pass roads or highways injured by the laying out, opening, widening, vacating, extending or grading of such roads or highways or the changing of the grades or lines thereof, . . . ." And §518 of the 1929 Act, re-enacted in §2608 of the 1953 Act, provided that "In case the board of commissioners . . .and the parties interested in the land, property or material appropriated, injured or destroyed by the county fail to agree upon the compensation to be made for the land, property or material so taken, injured or destroyed, upon petition of such commissioners . . . or any person or parties interested, and whose land, property or material is affected thereby, to the court of common pleas of said county, the said court shall appoint three viewers, from the county board of viewers, . . ." and provide for their meeting and viewing the land, property or material to be so appropriated, injured or destroyed. It will be noted, therefore, that the right to damages against counties is given by this legislation to all owners of lands, property or material appropriated, injured or destroyed by the county, not only in cases where the right of eminent domain has been exercised, but also where the lands, property or material abuts on, or through which pass roads or highways, and which are injured by the laying out, opening, widening or grading of such roads or highways or the changing of the grades or lines thereof. Here the petition of Holmes rested on the averment that his land was injured by the widening of West Fifth Avenue upon which it abutted. Accordingly, for such injury, if established, he would normally be entitled to damages, and the tribunal to hear and determine his complaint would be a Board of Viewers, not an action in trespass.

It is abundantly clear, therefore, that, as previously stated, the court had *jurisdiction* to appoint the Board of Viewers. Whether, under the particular facts and

history of the case, the court should have made the appointment and whether the Holmes Estate shall ultimately be found entitled to recover the damages now claimed by it, is not before us on this appeal. It is claimant's contention that the Holmes property was damaged as the necessary consequence of the non-tortious improvement of West Fifth Avenue upon which the property abutted, that such damage had not manifested itself at the time of the original proceedings, and that any claim then made in regard to the possibility of its occurring would have been so uncertain and speculative as to preclude the then Board of Viewers from taking it into consideration in their award of the compensation due the owner. Allegheny County, on the other hand, contends that the original proceedings at No. 109, July Term 1950, are res judicata of the present action at No. 1821, October Term 1952, that Holmes was then entitled to recover for all damages which were reasonably liable to result from the operation of the improvement, that such recovery must be understood to have been included in the award of damages which he then obtained, and that no subsequent action will lie to recover items which were, or might have been, then considered.

With these rival contentions the court, on the present appeal, is not concerned; they go to the merits of the controversy, not to the question of the jurisdiction of the court below, and they will presumably be finally determined in the course of the proceedings there instituted.

The appeal raising the question of jurisdiction is dismissed and the record is remitted with a procedendo.