## Frazer, Appellant, *v.* Frazer.

*Divorce—Domicile—Residence.*

A libel in divorce, based on cruel and barbarous treatment or indignities to the person must aver, as a jurisdictional fact, that the libellant has been a bona fide resident within the Commonwealth for one year previous to the filing of the petition or libel. When the evidence fails to establish such a fact, the court is without jurisdiction and the libel must be dismissed.

Argued Oct. 21, 1918. Appeal, No. 278, Oct. T., 1918, by libellant, from decree of C. P. No. 3, Philadelphia Co., Dec. T., 1916, No. 522, dismissing libel in divorce in case of Helen B. Frazer v. Allen Frazer. Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel in divorce before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the libel.

*Joseph P. McCullen,* and with him *Harry Green,* for appellant.

No appearance and no printed brief filed for appellee.

OPINION BY HEAD, J., April 21, 1919:

The appellant filed her libel in the court below, praying for a decree of absolute divorce from her husband. In that libel she was obliged to aver as a jurisdictional fact, and accordingly did aver, that she had been a bona fide resident of the State of Pennsylvania, for the period of at least one year prior to the filing of the libel. In English v. English, 19 Pa. Superior Ct. 586, President Judge RICE said: "No matter how expressed, consent of

the parties, even with the consent of the court added, cannot give the court jurisdiction of a libel in divorce based on the allegations of cruel and barbarous treatment......unless the libellant shall have resided in the State at least one whole year previous to the filing of his or her petition or libel." The burden of proof to establish this jurisdictional fact was, of course, on the libellant.

A master or examiner having been appointed, a considerable amount of testimony was taken. Much of it was directed to the question whether or not the libellant was a bona fide resident or citizen of the State of Pennsylvania for the period of a year before the filing of her petition. In a careful and elaborate analysis of the testimony on this subject, the master reached the conclusion that the evidence failed to establish the all-important fact upon which the plaintiff's right to any relief depended. He accordingly recommended that a decree be refused because of the nonresidence of the libellant. Upon consideration of exceptions to this report, the learned court below reached the same conclusion and refused a decree and, this appeal followed.

It is agreed that the plaintiff was born in the State of Pennsylvania and continued to reside here until her marriage, at which date she was about thirty years of age. It is equally clear that upon her marriage, her husband being then a resident of the State of New York, and she having gone with him to that state where she lived and cohabited with him for a number of years, she lost her domicile of origin and acquired a new domicile, to wit, that of her husband and thus became a resident of the State of New York. It was incumbent upon her, therefore, to establish by proof that she had abandoned that domicile and had again become a bona fide resident of the State of Pennsylvania for the necessary period of time before the filing of her libel. We have read the testimony with care and we are compelled to say that it produces in our minds the same conviction that it created

in the minds of the master and of the learned court below. Giving to her own testimony and that of the witnesses called by her all of the convincing power it fairly carries with it to an impartial mind, we are unable to determine that she had lost her residence in the State of New York and had become a bona fide resident of the State of Pennsylvania. She sought to establish that her place of residence was in the City of Philadelphia at No. 104 Rochelle avenue. That building was occupied by a relative of hers and after her separation from her husband that relative placed at her disposal a room in the house, of which the libellant might make such use as she saw fit. She had no legal status there, except as a guest. She had no furniture whatever of her own installed in the room. She did keep some clothes there and from time to time when she visited the City of Philadelphia made that her stopping place. There is much evidence that nothing more could justly be predicated of her relation to that property than that she was welcome as her cousin's guest to make any reasonable use of it she chose to make; but it is reasonably clear, from the evidence of unbiased witnesses, that her visits thereto were comparatively infrequent and for rather short spaces of time. Had her libel been filed in the State of New York, it would be difficult to see in the record before us anything that would have warranted the courts of that state in denying her relief on the ground merely that she had lost her residence therein. It is quite certain she was not a resident of both states. As the obligation is on us to read the testimony for ourselves, and reach our own conclusions therefrom, we feel obliged to say that in our judgment the plaintiff has failed to establish a necessary jurisdictional fact. We could not, therefore, convict the learned court below of error in reaching the same conclusion.

We may add, that we could not with propriety reverse a decree, in essence and substance correct, because of an incorrect statement of the law made by the learned court

below in entering the decree. It is true, he said: "We are of opinion that there was ample evidence to sustain the findings of fact made by the master. We could reverse him only in case of clear error." Whilst this statement of the relation of the court to the master in disposing of exceptions to the report of the latter is not technically correct, there is nothing to indicate he failed to examine the testimony for himself. Indeed, his statement in the sentence first quoted, negatives any such idea and makes it unnecessary to rely on the presumption that the duty cast by the law on the court had been fully performed.

The assignments of error are overruled.

The decree is affirmed.