## Lipps, Appellant, *v.* Lipps.

*Divorce—Cruel and barbarous treatment—Jurisdiction—Residence of libellant.*

In an action for a divorce on the ground of cruel and barbarous treatment, a decree is properly refused where it appears that the

libellant was not a resident of Pennsylvania for one year prior to the filing of the libel.

Vague and uncertain evidence cannot remove the legal presumption arising from the establishment of a home in another State with the intention of there indefinitely remaining.

Argued December 8, 1926. Appeal No. 218, October T., 1926, by libellant from judgment of C. P. Lehigh County, April T., 1924, No. 190, in the case of Bayard D. Lipps v. Alice I. Lipps. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Libel in divorce. Before RENO, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Harold W. Helfrich, Esq., as Master, who recommended that an absolute decree be granted. On exceptions to the Master's report the Court sustained the exceptions and referred the case back to the Master to take additional testimony. After taking such testimony the Master recommended that the libel be dismissed for lack of jurisdiction. The Court thereupon dismissed the libel. Libellant appealed.

*Error assigned,* among others, was the decree of the Court.

*William H. Schneller,* and with him *Dallas S. Gangewer,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY PORTER, P. J., March 3, 1927:

The appellant filed a libel in divorce upon the grounds of cruel and barbarous treatment and indignities to the person. The court below appointed a master to take the testimony and make report to the court. The master, after hearing all the testimony which the libellant saw fit to produce, found as a fact

that the libellant was not at the time of the filing of his libel, nor for one year prior thereto, a resident or citizen of the Commonwealth of Pennsylvania, and submitted a conclusion of law that the court was without jurisdiction in the cause, upon the ground, that the libellant at the time of filing his libel and for one year prior thereto, had been a citizen and resident of the State of New York. The libellant filed exceptions to this finding of fact and conclusion of law. The learned judge of the court below, after consideration of the evidence, found that the conclusion of the master was correct and that the libellant had not been a citizen of Pennsylvania at the time the libel was filed nor for the period of one year prior thereto, and, upon this ground, dismissed the libel; from that decree we have this appeal by the libellant.

We have carefully examined the evidence and are convinced that the conclusion of the master and of the learned judge of the court below was correct. The domicile and residence of each of the parties to this litigation had, prior to April, 1922, been in Lehigh County, Pennsylvania; that was the domicile of their origin, and there they were married. The libellant had been employed by the Lehigh Valley Silk Mills, as a solicitor of business, and had spent much of his time traveling about the country. It is unnecessary to discuss the evidence which relates to the conduct of these parties prior to April, 1922, for at that time there can be no question that their domicile was in the County of Lehigh. They were living in a residence owned by the libellant at Rosemont, Lehigh County. The libellant was, shortly before April, 1922, made the manager of the office which the Lehigh Valley Silk Mills had then recently opened in the City of New York. The libellant then sold the residence in which he and his wife had been living at Rosemont, Pennsylvania; in April, 1922, he rented a house for two years at Larch-

mont, West Chester County, New York, just beyond the Bronx Park, and to that house he and his wife removed, taking with them their household furniture, and there resided until December, 1922, when that residence proving inconvenient or not satisfactory, they sub-let the house for the unexpired term of the lease, rented an apartment at 105 West 33rd St., New York City, to that apartment they removed and there established their home and lived together until September 1, 1923, when the appellant left his wife and took for himself an apartment at 31 West 71st St., to which he removed and has since lived in that and other apartments, to which he subsequently removed, in the City of New York. This was the position of affairs and the libellant still continued manager of the New York office of the silk mills down until the time the evidence in this case was concluded, in February, 1926. When the appellant sold his residence at Rosemont, in which he and his wife had lived, he gave up possession and removed therefrom. He thereby gave up that domicile. He then made no new abode, and established no other residence in this State. He and his wife then departed, taking with them their household furniture, and located in another state and there established their home, which they had rented for two years. The entire evidence was such as to clearly indicate that the libellant then contemplated an indefinite residence in his new home, perhaps dependent on whether he could successfully manage the New York office, that he did succeed in managing the new office and continued in that position is clearly established by the evidence.

"This unequivocal act of moving from the State and taking up his residence in another state, and there establishing a home, is very strong evidence of the establishment of a domicile in the state to which he had removed. Its effect is not destroyed by his ex-

pressed and indefinite intention to go back to Pennsylvania some future time and there establish a new home. He did not go to New York for his health, or as a traveler, nor for any other particular business of a temporary nature. No person can have more than one domicile at the same time": Hindman's Appeal, 85 Pa. 469. Having thus established his domicile in the State of New York that domicile remained until a new one was actually acquired. The fact and intention must concur, yet the former may prove the latter. A mere intention to remove from New York permanently, without an actual removal, works no change of domicile. Vague and uncertain evidence cannot remove the legal presumption arising from the establishment of a home in another state with the intention of there indefinitely remaining: Price v. Price, 156 Pa. 617.

In order to properly manage the New York office it may have been necessary for the libellant to visit the silk mill at Bethlehem weekly to consult with those who conducted the operations of the mill, but it clearly appeared that he had no definite place of residence in Pennsylvania. When obliged to remain in Pennsylvania over-night he some times went to the residence of his father, at other times to the residence of his brother and at still other times to the Elks Club in South Bethlehem, Northampton County. It cannot reasonably be said that any one of those places was his residence. He had no actual residence in Pennsylvania. There was no evidence which would have warranted a finding that he had abandoned the domicile which he had acquired in the State of New York and established an actual residence in Pennsylvania: Price v. Price, supra. The assignments of error are overruled.

The decree is affirmed and the appeal dismissed at cost of the libellant.