## Maurey v. Maurey.

H. Bartram and James McKeone, for libellant.
No appearance for respondent.

HAUSE, P. J., June 6, 1931.—From the facts submitted to the master in this proceeding for a divorce, it is evident that the case is a meritorious one and the libellant should be separated by a decree from the respondent.

An inspection of the libel, however, fails to disclose the averment of an essential jurisdictional fact, to wit, that the libellant has been a bona fide resident of the Commonwealth for at least one whole year immediately prior to the filing of his libel, in accordance with section sixteen of the Act of May 2, 1929, P. L. 1240.

The libel avers "That the present residence of the Libellant is No. 210 River Road, North Coventry Township, Chester County, Pa." For what length of time the libellant has resided at this place does not appear.

The libel then avers as follows: "Wherefore your petitioner, showing that he is a citizen of the Commonwealth of Pennsylvania for more than one year last past," prays that a subpœna be directed to issue.

Unless the libellant has been a bona fide resident of the Commonwealth for at least a year, no court in this state has jurisdiction to decree a divorce.

In Frazer v. Frazer, 71 Pa. Superior Ct. 382, it is said that the libellant is "obliged to aver as a jurisdictional fact . . . that he had been a bona fide resident of the State of Pennsylvania for the period of at least one year prior to the filing of his libel." See, also, Jones v. Jones, 14 D. & C. 415.

While the libel avers that the libellant is a "citizen" of the Commonwealth of Pennsylvania, it is perfectly evident that a person may be a citizen of one state, or of one country, and yet be a resident of another. These words are not synonymous.

As we have already said, this case is a meritorious one, but in view of the libellant's failure to aver the jurisdictional fact referred to, we are compelled to dismiss the libel.                         From Truman D. Wade, West Chester, Pa.