## Oyler v. Oyler

*Swope, Brown & Swope*, for plaintiff.

SHEELY, P. J., November 10, 1949.—No decree can be entered on the record in this case for several reasons, none of which goes to the merits of the complaint. A decree based upon the present record, however, would be a nullity.

In the complaint plaintiff alleges that she has resided in the City of York for a period of nine months immediately previous to the bringing of this action, but

there is no allegation of the length of time she has resided in the Commonwealth, as required by Pa. R. C. P. 1126(4). Under section 16 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §16, no person shall be entitled to commence proceedings for divorce who shall not have been a bona fide citizen in this Commonwealth at least one whole year immediately previous to the filing of her petition or libel. The fact of residence for one year is a jurisdictional fact and must be alleged in the libel or complaint.

"A decree, in order to be sustained, must be based upon the pleadings, not upon facts outside of them: . . . 'The test of jurisdiction is the libel, not the evidence in support of it:' Schlicter v. Schlicter, 10 Phila. 11, per Paxson, J.": Wilck v. Wilck, 18 Dist. R. 984 (1905) ; May v. May, 94 Pa. Superior Ct. 293, 294 (1928) ; Frazer v. Frazer, 71 Pa. Superior Ct. 382 (1919).

The allegation of residence in York for nine months is insufficient to give the court jurisdiction of the subject matter and the evidence of residence for a longer period does not cure the defect as suggested by the learned master.

The record indicates that a "writ of summons in divorce" was issued and served on defendant. There is nothing in the sheriff's return or elsewhere to indicate that the complaint was ever served upon defendant although it is alleged in the motion for the appointment of a master that the complaint had been served. No provision is made in the Rules of Civil Procedure for the commencement of an action in divorce by the issuance of a summons. Pa. R. C. P. 1123 provides for the commencement of the action by filing a complaint and Pa. R. C. P. 1124 provides for service of the complaint upon defendant. The issuance and service of a summons was therefore unwarranted and was insufficient to give the court jurisdiction of the person of defendant.

The record indicates that the only witness heard was plaintiff herself. While she was a competent witness and a decree might be based upon her uncorroborated testimony, the record shows that there are other available witnesses who were not called and whose absence was not accounted for. The rule applies that where there are witnesses who are available but who are not called, and their absence is not accounted for, the inference is that their testimony would not sustain the charges: Duchossois v. Duchossois, 139 Pa. Superior Ct. 1, 5 (1939) ; Romano v. Romano, 128 Pa. Superior Ct. 409, 413 (1937) ; Putt v. Putt, 118 Pa. Superior Ct. 74, 77 (1935). Particularly, plaintiff referred to at least one incident which occurred in the presence of her daughters; one in which a neighbor went for help; one visit to a doctor as the result of injuries sustained; numerous black eyes which must have been seen by others; one incident which occurred in a public restaurant, and two incidents when she was obliged to spend the night with friends.

The master also calls attention to the fact that the complaint is not signed by plaintiff's attorney as required by Pa. R. C. P. 1023, and that it fails to allege the citizenship of defendant as required by Pa. R. C. P. 1126(3). We agree with the master that these matters are amendable and are not fatal to the action, but since the court does not have jurisdiction either of the subject matter or of defendant no decree can be entered.

And now, November 10, 1949, it is ordered and decreed that the above action be dismissed for want of jurisdiction unless plaintiff shall, within 30 days of this date, file an amended complaint for which permission is hereby given.