Fishman, Appellant, v. Fishman.

Argued March 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Jacob Weinstein,* for appellant.

*Charles F. Nahill,* with him *Witkin & Egan,* for appellee.

PER CURIAM, July 20, 1950:

This is an appeal by plaintiff from the action of the court below in sustaining preliminary objections to her complaint in divorce.

The complaint in paragraph 2 contained the following averment: "The residence of the plaintiff is No. 101 S. Rhode Island Avenue Apartment 2, in the County of Atlantic, State of New Jersey."

It was also averred therein that defendant was a citizen of the City of Philadelphia, Pennsylvania, and resided at 7643 Overbrook Avenue, Philadelphia.

Defendant, under Pa. R. C. P. No. 1125 (b), 12 PS Appendix, raised the question of jurisdiction by preliminary objections. Defendant's preliminary objections were sustained, and the complaint in divorce was dismissed without prejudice to the right of plaintiff to file a new complaint in divorce. Plaintiff has appealed to this Court.

Section 16 of the Act of May 2, 1929, P. L. 1237, 23 PS §16, provides as follows: "No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel." A fundamental requisite of jurisdiction in actions for divorce is the residential requirement as provided in section 16 of the Act; this requirement is strictly jurisdictional, and cannot be waived by the parties even with the consent of the court. *Barning v. Barning*, 46 Pa. Superior Ct. 291, 294; *Starr v. Starr*, 78 Pa. Superior Ct. 579, 581; *Huston v. Huston*, 130 Pa. Superior Ct. 501, 506, 197 A. 774; *Chidester v. Chidester*, 163 Pa. Superior Ct. 194, 198, 60 A. 2d 574; Freedman, Marriage and Divorce, Vol. 1, §§116, 117. It is apparent from the complaint itself that the court below could not take jurisdiction. In *Huston v. Huston,* supra, 130 Pa. Superior Ct. 501, 506, 197 A. 774, we said that a bona fide residence in this Commonwealth is a prerequisite under section 16 of the Act to the exercise of jurisdiction in a divorce action by the court of common pleas. In *Masefield v. Masefield,* 159 Pa. Superior Ct. 6, 46 A. 2d 329, we likewise said that libellant's bona fide residence in the Commonwealth at least one year immediately previous to the filing of his or her libel is a jurisdictional fact to be averred and established by him or her. Pa. R. C. P. No. 1126, 12 PS Appendix, provides that the complaint shall set forth "(2) the residence of the plaintiff." Plaintiff's unqualified averment of residence in New Jersey precluded the exercise of jurisdiction in this case by the court below. See *Hilyard v. Hilyard,* 87 Pa. Superior Ct. 1; *Rosenberg v. Rosenberg*, 163 Pa. Superior Ct. 138, 140, 60 A. 2d 350.

The order of the court below dismissing the complaint in divorce without prejudice is affirmed.