Barraclough *v.* Barraclough, Appellant.

Argued September 25, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Joseph M. Smith,* with him *Joseph Neumann Smith,* for appellant.

*Robert D. Abrahams* did not appear nor file a brief for appellee.

OPINION BY RENO, J., November 14, 1950:

Appellant's wife sued for a divorce a mensa et thoro and prayed for permanent alimony. Appellant is a citizen of and a resident in New Jersey, and the complaint was served upon him personally in New Jersey under Pa. R. C. P. No. 1124 (3) (a). His counsel appeared de bene esse and filed a preliminary objection, challenging the jurisdiction of the court below to decree alimony. He contended that the demand for alimony calls for a judgment in personam, and since he was not personally served within the Commonwealth a judgment in personam cannot be entered against him. We do not reach that interesting question.[1]

The court below properly overruled the preliminary objection. Undoubtedly it had jurisdiction of the divorce action, including allowance of alimony. The Divorce Law of May 2, 1929, P.L. 1237, §47, 23 P.S. §47. Admittedly appellant has been properly served. Hence the court had jurisdiction over appellant and the subject matter of the litigation. The "question of jurisdiction . . . of the cause of action for which suit is brought,"[2] relates solely to the competency of the court to determine controversies of the general class to which

---

[1] For a comprehensive study of the problem, see 2 Freedman on Marriage and Divorce, §§782, 798, et passim.

[2] Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. Sections 1 and 2 of this Act were suspended by Pa. R. C. P. No. 1451 (b) (7), except insofar as they relate to appeals.

the case presented for its consideration belongs. *Zerbe Twp. School Dist. v. Thomas,* 353 Pa. 162, 44 A. 2d 566. "The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case": *Main Cleaners & Dyers, Inc., v. Columbia Super Cleaners, Inc.,* 332 Pa. 71, 74, 2 A. 2d 750. Even though it may be finally decided that plaintiff shall not be awarded alimony, either because a judgment in personam would be invalid or for any other reason, the court has jurisdiction of all phases of the divorce proceeding, including the demand for alimony which is ancillary to the divorce proceeding. The question raised in limine goes to the right of plaintiff to secure alimony rather than to her right to have her cause of action heard and determined. With the former the Act of March 5, 1925, supra, note 2, is not concerned. *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 191 A. 631. The Act of 1925 has been suspended by Pa. R. C. P. No. 1451 (b) (7), and preliminary objections to jurisdiction are now regulated by Pa. R. C. P. No. 1125 (b) (1). Nevertheless, decisions under the Act are applicable to the Rules.

The court below intimated but did not decide that the effect of the suspension of the Act of 1925 was to abolish appearances de bene esse, and that defendant's limited appearance might constitute a general appearance. The case does not require appellate pronouncement. The court below and this Court permitted appellant to press his preliminary objection under his appearance de bene esse, and the court below will not construe that special appearance as a general appearance or convert it into a general appearance against his will.

Order affirmed at appellant's costs.