## Moore v. Moore

*William S. Morrow,* for plaintiff.

CRYTZER, P. J., August 5, 1955.—It is with regret and reluctance that the court must refuse the above divorce. Under the testimony presented by plaintiff this court is presently without jurisdiction. Plaintiff has testified that her husband is a resident of Gainesville, Ga. She further testified under oath that she had lived in Pennsylvania all of her life except seven months "when I lived with my husband down South". She says that she sold her car and helped buy a trailer in which she, her husband and her daughter lived. In answer to a rather leading question: "Did this get so bad that you had to go back to your home in New Bloomfield?" Plaintiff answered: "Yes, he wasn't giving me any money and I told him I could get a better job at home than where we were living. He told me that he would be God-damned glad to bring me back to New Bloomfield just to get rid of me. He did bring me back to New Bloomfield in 1955 and I have lived there ever since." Plaintiff further testifies that her husband came to see her on February 22, 1955, which was the date alleged as the time of separation in plaintiff's complaint.

The complaint was filed March 14, 1955, and obviously a year could not expire for plaintiff to establish a bona fide residence in Pennsylvania from the date her husband brought her back to New Bloomfield "in 1955".

The Act of May 2, 1929, P. L. 1237, sec. 16, 23 PS §16, provides: "No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year *immediately previous* to the filing of his or her petition or libel." (Italics supplied.) This section is not suspended or affected by the Rules of Civil Procedure: Rule 1409.

The above is a jurisdictional requirement lacking which the court has absolutely no jurisdiction to award

a decree in divorce. In Starr v. Starr, 78 Pa. Superior Ct. 579, the court very aptly stated: "Actual residence for one year within this State is an absolute prerequisite for a divorce, and the courts have no jurisdiction of a libel in divorce unless the libellant shall have resided in the State at least one whole year previous to filing the libel". This doctrine was iterated and reiterated in Lipps v. Lipps, 90 Pa. Superior Ct. 86; Hilyard v. Hilyard, 87 Pa. Superior Ct. 1; Wood v. Wood, 21 Luz. 402; Yardley v. Yardley, 38 Pa. C. C. 556; Frazer v. Frazer, 71 Pa. Superior Ct. 382; Heath v. Heath, 44 Pa. Superior Ct. 118; Gearing v. Gearing, 83 Pa. Superior Ct. 423.

Recently in Fishman v. Fishman, 167 Pa. Superior Ct. 428, the court stated: "A fundamental requisite of jurisdiction in actions for divorce is the residential requirement" of one year. Cortese v. Cortese, 163 Pa. Superior Ct. 553, stated the residence requirement "is strictly jurisdictional and cannot be waived by parties even with court's consent".

The question may arise as to a situation where there is presently a bona fide residence in Pennsylvania but which has not lasted for one year. That appears to be the exact situation here from the testimony of plaintiff. In Chidester v. Chidester, 163 Pa. Superior Ct. 194, the Superior Court held "legal residence in Pennsylvania with an actual residence out of it is insufficient to confer jurisdiction on our courts. This requirement is jurisdictional and cannot be waived by the parties". " 'Residence' . . . means a 'permanent one with domiciliary intent' "; Verbeck v. Verbeck, 160 Pa. Superior Ct. 515. The Chidester case along with Cronhardt v. Cronhardt, 135 Pa. Superior Ct. 117, spelled out the statutory interpretation of residence as a permanent residence with domiciliary intent, the residence contemplated being a permanent physical presence within the Commonwealth plus an intent to make that the

permanent domicile. A case very closely in point is Reimer v. Reimer, 160 Pa. Superior Ct. 509, in which the Superior Court held an "intention . . . to establish a domicile elsewhere . . . alone is insufficient to effect the legal change. There must exist with it the physical presence at the new domicile before it may be legally acquired". A much stronger case than the instant one is that of Fleischaker v. Fleischaker, 63 Montg. 209, in which the court held that where respondent husband lived and worked in New York and for a short time libellant lived with him in a hotel, the cohabitation established the matrimonial domicile in New York and libellant was not a bona fide resident of Pennsylvania. Thus the physical absence from the Commonwealth of Pennsylvania by the instant plaintiff eliminates an absolute requirement, being the physical residence in the Commonwealth to give this court jurisdiction. Plaintiff moved in the trailer with her husband, lock, stock and family, taking her little girl along. She may have had the intention of considering Pennsylvania her domicile (the evidence fails to disclose her domiciliary intent) but her physical presence was without the Commonwealth for a period of seven months during the year immediately prior to filing her divorce action.

She cannot be heard to say that her residence in Pennsylvania did continue under an assumption that it remained her home until another was established for the simple reason that she did establish a physical residence without the Commonwealth and with her husband and daughter. The court in Huston v. Huston, 130 Pa. Superior Ct. 501, among other pointed observations concerning jurisdictional requirements noted that " 'Residence' within this section making bona fide residence within the Commonwealth for at least one year immediately previous to the filing of libel prerequisite for divorce, means permanent residence with domi-

ciliary intent, and although 'domicile' is a matter of intention, 'residence' is a physical fact."

Although the Divorce Act of 1893 has been repealed, the same year's residence requirement appears in the present act and the holding of the Superior Court in Barning v. Barning, 46 Pa. Superior Ct. 291, is applicable here. There the court held that jurisdiction will attach in this State where the wife, being applicant, was formerly a citizen of the Commonwealth, and had intermarried with a citizen of another State, and had been compelled to abandon habitation and domicile elsewhere by reason of one or another causes of divorce and had thereby been forced to return to this Commonwealth, but under the said act the wife was required to be a resident of this State for one year prior to filing her petition for divorce. "The expressed intention of a woman before marriage that her husband's domicile shall not be hers, even though assented to by him, will not prevent her from acquiring at marriage the domicile of her husband in another State, and if she goes with her husband to the State of his domicile, and there cohabits with him, and subsequently returns to Pennsylvania, she will have no standing in a suit for divorce until she has maintained an actual bona fide residence in Pennsylvania for the statutory period of one year from the date of her return to the State." (Syllabus.)

Thus, the court, lacking jurisdiction, has no choice but to dismiss the complaint. This is a mandatory requirement of the statute and it would be a disfavor to plaintiff to hold otherwise. Were the court to grant the divorce under the facts, three months, three years, or three decades from now, if plaintiff should remarry and should have children, the marriage could be stricken off as bigamous and the children labeled as illegitimates. Also, should libellant die, her spouse could at-

tack such a divorce for lack of jurisdiction and take his full statutory share of her estate.

The court, lacking jurisdiction, will not consider the merits of the divorce. There are two other procedural defects which are quite evident. The affidavit of service purports to have been taken on March 31, 1955, by H. R. Patterson, prothonotary. No seal of the prothonotary is attached to the said instrument. However, the court can and should take judicial notice of the fact that H. R. Patterson is the prothonotary of the court and that he does have a seal. If, through inadvertence, he omitted to perform the ministerial task of attaching the court's seal, the court certainly has the nunc pro tunc authority to direct him to attach the said seal of the court.

A much more serious defect appears in the complaint itself. The jurat which terminates the complaint states: "Sworn and subscribed to before me this 10th day of March, 1955. . . . Prothonotary."

Here there is neither the seal of the prothonotary nor his signature nor any evidence that the complaint was ever sworn to. While the court does have judicial discretion and can take judicial notice of certain facts, it cannot supply a signature of an officer in addition to his seal. Pennsylvania Rule of Civil Procedure, no. 1024, requires every pleading which contains averments of fact to be verified on oath or affirmation. The instant complaint lacking the said verification fails to comply with this absolute procedural requirement.

### Order

And now, August 5, 1955, because of the lack of jurisdiction of this court under all the evidence, and because of the failure of the complaint to comply with the Pennsylvania Rules of Civil Procedure, the said action is dismissed and the divorce is denied. Exception allowed.