## Tamburrino v. The Pennsylvania Railroad Co.

*Richter, Lord & Levy*, for plaintiff.

*Philip Price*, for defendant.

REIMEL, J., March 6, 1958.—This matter comes before the court on defendant's amended preliminary objections to plaintiff's complaint in trespass.

Plaintiff instituted this action against defendant, alleged employer, under the Federal Employers' Lia-

bility Act of April 22, 1908, 35 Stat. 65, as amended, 45 U. S. C. A. §51, and the Safety Appliance Act of March 2, 1893, 27 Stat. 531, 45 U. S. C. A. §1-23. Plaintiff avers an accident which occurred in Altoona, and the negligence of an employe of defendant as the cause thereof.

Defendant filed preliminary objections and amended preliminary objections raising the question of the pendency of a prior action and requesting dismissal of this action or, in the alternative, for a stay of all proceedings herein. Defendant avers that plaintiff has instituted suit in the Common Pleas Court of Blair County, that said suit is based upon the same cause of action and was instituted against the alleged employe and a third party as alleged employer. Defendant further avers that all the issues involved can be litigated in said action but cannot be litigated in the present action since neither the employe nor the third party are subject to deputized service of process issuing from Philadelphia County.

Plaintiff cites Pope v. Atlantic Coast Line Railroad Co., 345 U. S. 379, as controlling upon the question of the power of this court to dismiss or stay the present proceedings. We cannot agree because in that case the only issue was the traditional equitable power of a State court to enjoin its citizens on the ground of oppressiveness from suing in the courts of a sister State. The Pope case merely held that section 6 of the Federal Employers' Liability Act displaces this power. The present action involves the power of this court to dismiss or stay the present proceedings upon a plea of pendency of a prior action. No injunction is sought nor is an action in the courts of a sister State involved.

The grant of jurisdiction in the Federal Employers' Liability Act does not require State courts to entertain suits but only to empower them to do so: Douglas v.

New York, New Haven & Hartford Railroad, 279 U. S. 377. The Federal Employers' Liability Act does not require that States provide courts for enforcement of the act, although States may not decline jurisdiction solely because the action arises under Federal law: McKnett v. St. Louis & San Francisco Railway, 292 U. S. 230.

No restriction is imposed upon this State merely because the Federal Employers' Liability Act empowers the State courts to entertain suits arising under it: Missouri ex rel. Southern Railway Co. v. Mayfield, 340 U. S. 1. The policy of this State is that, upon the plea of a prior suit pending, a court may dismiss or stay the subsequent proceedings: Pa. R. C. P. 1017(b) (5); Dickerson v. Dickersons Overseas Company, 369 Pa. 244. Any right conferred upon an employe with regard to venue under this act is fully protected by State court action upon a plea as at bar. If a State court takes jurisdiction of an action arising under the act, it complies with the venue right conferred by section 6. Thereafter, if a subsequent action is instituted and if one alleges the pendency of a prior action in the same State, a State court may dismiss or stay the subsequent action if the local rules of court so provide. Therefore, this court has the power to dismiss or stay a suit arising under the Federal Employers' Liability Act upon a plea of pendency of a prior action.

Defendant properly raises the question of pendency of a prior action by way of preliminary objection: Pa. R. C. P. 1017(b) (5). As the preliminary objection contains averments of fact not of record, this court may order evidence by deposition or otherwise in order to resolve any issue of fact raised thereby: Pa. R. C. P. 1028(c). However, a plea of pendency of a prior action, in order to constitute a defense, must allege that the case, the parties, the rights asserted and the relief

prayed for are the same, and where the truth of the plea can be ascertained by an inspection of the record, the court may determine the question of the sufficiency of the plea without a reference. Dickerson v. Dickersons Overseas Company, supra. Defendant admits in its amended preliminary objection that it is not a party to the prior action. Such an admission is fatal to its plea.

In its plea of pendency of a prior action defendant raises the theory of forum non conveniens. This doctrine is an equitable one, embracing the discretionary power of a court to decline to exercise jurisdiction over a transitory cause of action when it believes that the action before it may more appropriately and justly be tried elsewhere. Simply stated, it is the principle that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute: Gulf Oil Corp. v. Gilbert, 330 U. S. 501.

A State has the power to reject or accept the doctrine of forum non conveniens in all actions begun in its courts so long as it does not discriminate against citizens of sister States or actions under the Federal Employers' Liability Act: Missouri ex rel. Southern Railway Co. v. Mayfield, supra. Since forum non conveniens raises a question of jurisdiction, it is properly pleaded by preliminary objection: Pa. R. C. P. 1017-(b) (1). This is intended to replace the practice under the Act of March 5, 1925, P. L. 23, 12 PS §672, where a party by preliminary petition could raise "the question of jurisdiction over the defendant or of the cause of action for which suit is brought." Decisions under the Act of 1925 are cited as authority under Pa. R. C. P. 1017(b) (1). Therefore the question of jurisdiction of the cause of action for which suit is brought is held to relate solely to the competency of the court

to determine controversies of the general class to which the case belongs: Witney v. Lebanon City, 369 Pa. 308; Barraclough v. Barraclough, 167 Pa. Superior Ct. 608.

However, a plea of forum non conveniens, if it is to be recognized, should be raised summarily since it requests the court to decline to exercise the jurisdiction which it possesses. The plea of forum non conveniens should be included in our Rules of Civil Procedure. This would afford a speedy means of securing a final determination of jurisdictional matters in limine, before inquiry into the merits of the case. However, forum non conveniens is not pleaded in the amended preliminary objections filed in this case. Dilatory pleadings of this type should be strictly construed. Since the preliminary objection does not specifically state the grounds relied upon, it need not be considered: Pa. R. C. P. 1028(a).

Moreover, while defendant seeks to present a theory of forum non conveniens and alleges the failure of plaintiff to join it as defendant in the prior convenient action and its own inability to join defendant in said action in the present suit, defendant has done nothing to place itself on the record as a party in the prior suit. It appears that defendant could intervene in the prior action and thereby conform its deeds with its plea. Pa. R. C. P. 2327(3). This is material to a court which is called upon to exercise its discretionary power upon a plea of forum non conveniens.

Why plaintiff did not join defendant in the prior action or why defendant did not intervene is not before this court. No reason has been presented which will compel this court to alter plaintiff's rights. Accordingly, defendant's amended preliminary objections are dismissed.

*Order*

And now, to wit, March 6, 1958, defendant's amended preliminary objections are dismissed and de-

fendant is given 20 days within which to answer the complaint filed.