## Williams v. Williams

*Arthur C. Dale*, for plaintiff.

*Delbert McQuaide*, and *Love & Wilkinson*, for defendant.

CAMPBELL, P. J., December 20, 1965.—Defendant has filed preliminary objections to plaintiff's complaint in divorce. The preliminary objections are directed to paragraph 2 of the complaint, which reads as follows:

"The plaintiff's place of residence is Bellefonte, R. D. #3, Pennsylvania, although his present address is 17 West Hazeltime, Kenmore 17, New York. He, the said plaintiff, being presently employed in the City of Lackawanna, and State of New York."

The divorce law of this State provides that: "No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel": Act of May 2, 1929, P. L. 1237, sec. 16, as amended September 27, 1955, P. L. 606, sec. 1.

The court is asked to rule on two points: (1) May the bona fides of plaintiff's residence in a divorce action be raised by preliminary objections, and (2) should plaintiff's complaint be dismissed, since it fails to allege that plaintiff is a bona fide resident of the State of Pennsylvania?

In order to oust the jurisdiction of a court, the residence of a plaintiff in a divorce action may not be tested by way of preliminary objection: Masefield v. Masefield, 159 Pa. Superior Ct. 6; Barraclough v. Barraclough, 167 Pa. Superior Ct. 608; Richardson v. Richardson, 2 Centre 99.

The rationale of these cases is that the question of jurisdiction relates to the competency of a court, and the test is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular

case: Barraclough v. Barraclough, 167 Pa. Superior Ct. 608.

On the other hand, where a plaintiff alleges a residence in another state clearly showing that the court has no jurisdiction, preliminary objections are proper and will be sustained: Fishman v. Fishman, 167 Pa. Superior Ct. 428.

We must, therefore, conclude that it is the content of the allegations regarding residence that govern the use of preliminary objections, and not the factual question of whether or not plaintiff is a resident of this State.

The instant case appears to be in the twilight zone between the two aforementioned extremes. It would appear that plaintiff has averred two addresses and no actual residence. While he has averred that his residence is Bellefonte, R. D. #3, Pa., we would consider this an address. Averments of residence should indicate the particular municipality in which the person resides.

We would agree that within the divorce statute, residence is a physical fact, and that the term bona fide residence means residence with domiciliary intent, i.e., a home in which the party actually lives. A constructive domicile within the state, without actual residence therein, is not sufficient: Rosenberg v. Rosenberg, 163 Pa. Superior Ct. 138; Freedman, Law of Marriage and Divorce in Pennsylvania, §118, pages 293-94.

Since plaintiff in his pleading has left some doubt by the absence of a clear cut averment of residence, we will sustain the preliminary objections, but permit plaintiff to amend if the facts of the case so warrant. It is, therefore, ordered as follows:

And now, to-wit, December 20, 1965, defendant's preliminary objections are sustained and plaintiff is given leave to amend paragraph 2 of the complaint in conformity with this opinion within 20 days from the date hereof or suffer judgment of non pros.