## deNunez v. Nunez

*Franklin J. Seyfert,* for plaintiff.
*William F. Sullivan, Jr.,* for defendant.

LIPPINCOTT, J., December 7, 1970.—Defendant-husband has filed preliminary objections to plaintiff's complaint in divorce. He questions the jurisdiction of the court, alleging that plaintiff has not been a bona

fide resident of Pennsylvania at least one whole year immediately previous to the filing of the complaint, as required by section 16 of The Divorce Law of May 2, 1929, P. L. 1237, as amended, 23 PS §16.

Plaintiff did aver in her complaint that she has been a resident of Pennsylvania continuously since August 1966, well over three years before suit was instituted on March 20, 1970. Defendant, however, has raised a factual issue concerning her residency and urges that it should be determined by the court on depositions and requests for admissions prior to hearings before a master.

The Act of March 5, 1925, P. L. 23, sec. 1, 12 PS §672, provided in part that in any action at law the question of jurisdiction over defendant or of the cause of action for which suit was brought could be preliminarily determined by the court upon the pleadings and/or depositions. However, whether plaintiff in a divorce action had a bona fide residence in the Commonwealth for one year immediately previous to the filing of the complaint was clearly *not* such a question of jurisdiction, and could not be raised preliminarily under the act: Masefield v. Masefield, 159 Pa. Superior Ct. 6, 46 A. 2d 329 (1946).

The Act of 1925 has been suspended by Pa. R. C. P. 1451(b)(7) and preliminary objections to jurisdiction are now regulated by Pa. R. C. P. 1125 and 1017(b)(1). However, the change was one of form alone, and the substance of the prior practice under the Act of 1925 remains intact: 1 Goodrich-Amram Civil Practice §1017(b)-7. All of the decisions under the Act of 1925 defining the term "question of jurisdiction," which is the identical phraseology used in both the Act of 1925 and Pa. R. C. P. 1017(b)(1), and limiting the matters which could be preliminarily raised thereunder, remain effective and authoritative under Pa. R. C. P. 1017(b)(1): 1 Goodrich-Amram Civil Practice, supra;

2 Anderson Pa. Civ. Pract. §1017.19. For a full discussion, see 2 Freedman, Law of Marriage and Divorce in Pennsylvania (2d Ed.) §530. The sole question which thus may be raised is whether the court is competent to determine controversies of the general class to which the case presented belongs. See Barraclough v. Barraclough, 167 Pa. Superior Ct. 608, 76 A. 2d 504 (1950). Undoubtedly, this court has such competency: Section 15 of The Divorce Law, supra, 23 PS §15.

Defendant relies heavily upon Fishman v. Fishman, 167 Pa. Superior Ct. 428, 74 A. 2d 682 (1950), wherein the Superior Court affirmed the dismissal of a divorce complaint on preliminary objection raising a question of jurisdiction as to the residence of plaintiff. However, in that case the lower court was not presented with any issue of fact as to plaintiff's residence. She averred in the complaint that her residence was in New Jersey, which rendered the complaint patently defective under The Divorce Law, supra, the court obviously being incompetent to take jurisdiction.*

We therefore conclude that the Masefield case, supra, decided under the prior practice, remains authoritative and is controlling in this case. The factual issue thus raised is one for determination by the master.

### ORDER

Now, December 7, 1970, following argument before the court en banc, it is ordered and decreed that defendant's preliminary objections to plaintiff's complaint are overruled.

---

* The Divorce Law was subsequently amended to provide otherwise: Act of September 27, 1955, P. L. 606, 23 PS §16.