# Hancock's Appeal.

1. The requirements of the Act of March 13th 1815 (Divorce), are satisfied by setting out in the libel, the *causes* of complaint, without time place or circumstances.

2. A special statement of the cause is all that is required.

3. The respondent, if an appearance be entered, may demand a bill of particulars or notice of special matter.

4. If a specification of times and places whereon the cause of complaint arose is demanded, it is to be obtained by a rule or order of court.

5. Brenig *v.* Brenig, 2 Casey 161, remarked on.

March 16th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Luzerne county:* Of January Term 1870, No. 389.

On the 29th of August 1868, Adelia Hancock petitioned the Court of Common Pleas, setting forth that she had been married to Frederick Hancock on the 20th of August 1866, and had cohabited with him until August 1st 1867, &c., that "for a considerable time past the defendant had given himself up to adulterous practices and had been guilty of adultery with a certain female called Julia McKeon, and divers other persons to the petitioner unknown," &c., and in the usual form, praying for a decree of divorce. A subpœna was accordingly issued to the defendant, returnable to the 2d Monday of November then next. The sheriff returned "Non est inventus," upon which an alias subpœna was issued, to which there was the same return. On the 15th of January 1869, the court ordered the usual publication, notifying the defendant to appear on the 3d Monday in February 1869, and appointed Lewis S. Waters examiner. Proof of publication was duly made. Depositions were taken by the examiner, February

13th 1869, proving the marriage of the parties, and the residence of libellant in Pennsylvania for a year; also the adultery of defendant with Julia McKeon about October 12th 1867. The depositions were filed February 24th 1869, and on the 26th a divorce was decreed. The defendant appealed from the decree December 17th 1869.

The assignments of error were—

1. The libel does not state that the defendant resided in the United States, when the libel was filed or the adultery committed.

2. The libel does not state when and where the alleged adultery was committed, nor that it was committed in Pennsylvania, nor any one of the United States.

3. The court below did not make the proper preparatory rules and orders in the cause, for bringing the same to a hearing and determination.

4. The appointment of Lewis S. Watres a commissioner to take depositions is too uncertain as to where and on which part he is to take the same.

5. No commission issued to Lewis S. Watres to take depositions.

6. The depositions were irregular and improperly taken, and should have been rejected by the court below.

7. There was no legal evidence before the court below sufficient to warrant the decree made.

8. The court below had no jurisdiction of the subject-matter, nor of the defendant.

*D. R. Randall, J. Mahon* and *Ward & Gunster*, for appellant. —The libel must contain every element requisite to warrant a decree: Murray *v.* Keyes, 11 Casey 384; Parke *v.* Kleeber, 1 Wright 251. Extraneous evidence cannot aid a defect in the record: Bradford Tsp. *v.* Goshen Tsp., 7 P. F. Smith 495; Plunkett's Creek Tsp. *v.* Fairfield Tsp., 8 Id. 209. Our courts have no jurisdiction where adultery is committed in a foreign country and the complainant only resident in Pennsylvania: Bishop *v.* Bishop, 6 Casey 412; McDermott's Appeal, 8 W. & S. 251; Dorsey *v.* Dorsey, 7 Watts 349. The evidence is insufficient and the court should have scrutinized it carefully: Edmonds's Appeal, 7 P. F. Smith 232.

*J. Handley*, for appellee.—The libel was correct in form: Dunlap's Forms 407; P. F. Smith's Forms of Procedure 285; Act of March 13th 1815, Purd. 347, pl. 12. The decree of divorce determines the status of the parties: Burlen *v.* Shannon, 3 Gray 387; 1 Greenl. on Ev., § 527; Story on Conflict of Laws, § 607; Starkie on Ev. 291, 292. In libel for divorce for adultery, our courts have jurisdiction, although the offence was out of the state:

Light *v.* Light, 17 S. & R. 274; 2 Kent Com. 100 ; Clark *v.* Clark, 10 N. H. 380, 389 ; Humphrey *v.* Humphrey, 7 Conn. 116; Delliber *v.* Delliber, 9 Id. 233 ; 2 Bish. on M. & D., § 234. In divorce reasonable certainty only is required : Farr *v.* Farr, 34 Missi. 597. The name of the *particeps criminis* need not be stated : Germond *v.* Germond, 6 Johns. Ch. 347 ; Garrat *v.* Garrat, 4 Yeates 244 ; Choate *v.* Choate, 3 Mass. 391.

The opinion of the court was delivered, March 21st 1870, by

THOMPSON, C. J.—The Act of the 13th of March 1815, which prescribes how proceedings are to be instituted in order to obtain a divorce, directs that the injured party may exhibit his or her petition in term time of the Court of Common Pleas, or to one of the judges thereof, thirty days before the next term, setting forth particularly and specially the *causes* of his or her complaint, and subscribing an oath or affirmation " that the facts contained in the said petition or libel are true to the best of his or her knowledge and belief, and that the complaint is not made out of levity or by collusion between the parties," &c., and " thereupon," says the act, a " subpœna shall issue directed to the party complained of, to appear at the next or subsequent term of the said court," &c.

Thus it is plain, that the provisions of the statute are satisfied so far as the petition or libel is concerned, by setting forth the causes of complaint without accompanying it by time, place, or the circumstances of the violation of the marital obligation complained of. A special statement of the cause for which the divorce is claimed is all that is required. " Thereupon," says the act, " a subpœna shall issue." If an appearance be entered the respondent may demand a bill of particulars or notice of special matter, intended to be proved, so as to be prepared to meet the proof of them. This results, not from any statute, but from a desire of the courts to further common justice, which can only be well done by allowing all parties to a litigated case ample notice of what may be essential to his or her defence.

In Breinig *v.* Breinig, 2 Casey 161, the averments of the libel were general as here, and enough to cover a multitude of items of charges sustaining the petitioner's claim to a divorce. It alleged a refusal to cohabit and the offering of such indignities to the person of the petitioner as to render her condition intolerable and life burdensome, and by cruel and barbarous treatment endangering her life, and forcing her to withdraw from the respondent's home and family."

Neither time, place, nor circumstances, were given, but the libel was held sufficient to sustain the decree. It was said in the opinion in that case, that if the respondent had desired anything more specific he ought to have called on the libellant for a specification

[Hancock's Appeal.]

of the matters intended to be proved. Not having done so he waived anything more specific.

This shows, as do many cases which might be cited, that a compliance with the act, in the use of sufficient terms, specially setting out the *cause* of complaint, is all that is required. If a specification of times and places, wherein the cause of complaint arose is demanded, it is to be obtained by rule or order of the court.

This was early announced as the rule: Garratt *v.* Garratt, 4 Yeates 244, and has been followed since as the case cited *supra* shows.

The libel in this case, charged in appropriate form, as a cause for the application on the part of the complainant, that the respondent had committed adultery with a person named. This authorized the awarding of the subpœna, which was served, and returned, according to the Act of Assembly. There was no appearance by or for the respondent, and of course, no demand for a specification of particulars. All that remained for the court to do, having decided the petition to be sufficient in substance and form to authorize a subpœna to be issued, was to receive proof of the charge in order to make a decree dissolving the bonds of matrimony between the parties. The proof required would be the commission of the crime within this state or some other state of the Union. This was done, as we see by the testimony brought up with the appeal. The evidence shows that the breach of the marital obligation charged, actually took place within the jurisdiction of the court, and in the place of the domicil of the parties. The libel was sufficient, and it was supported by evidence which was entirely sufficient—being uncontradicted. The peradventure suggested, namely, that the crime may have been committed out of the United States, is shown to be beyond doubt, untenable, by the evidence, and that was all that was required.

I do not think there is any other question in the case which needs discussion, and I therefore omit noticing many of the arguments submitted in the case, as unnecessary and foreign to it.

There is no error in the record, and the decree of the court below is affirmed, and the appeal dismissed at the costs of the appellant.