## Hendel v. Hendel.

*Divorce—Turning out of doors—Libel—Allegations—Demurrer.*

1. Libellant sued for divorce *a mensa et thoro* on the ground that the respondent turned her out of doors. The libel alleged that while they were staying at a hotel the respondent came to the room after midnight and "immediately became very angry and abusive;" that they went to sleep, and at about 3.30 A. M. the libellant awoke to find the respondent approaching her "in a threatening attitude which terrified her and she left the room and returned to her mother's home," and that since that time she had offered to return to him, but he failed to make provision for her return. Respondent demurred to the libel: *Held*, overruling the demurrer, that the cause of divorce was sufficiently set forth.

2. The mere failure of libellant to set forth specifically the acts and words by which respondent's anger and abuse were manifested is not fatal. She need only set forth particularly and specially the "cause" of complaint.

3. The offer by a libellant to return to respondent and his failure to make provision for her has frequently been held to be sufficient to make out the gravamen of turning the wife out of doors.

4. Turning out of doors may be either actual or constructive. It is sufficient to sustain the charge to show that the wife was compelled to leave because of a threat to employ force accompanied by a reasonable apprehension that it would be used against her.

Demurrer to libel in divorce. C. P. Berks Co., Feb. T., 1925, No. 14.

*John B. Stevens* and *George Eves*, for respondent and demurrer.

*Robert Grey Bushong*, for libellant.

SCHAEFFER, P. J., Oct. 10, 1925.—The libellant has filed her libel, praying for a decree of divorce *a mensa et thoro* on the ground that the respondent turned her out of doors. The respondent filed his demurrer to the libel, alleging that the libellant has not averred such facts as constitute a turning out of doors.

Upon demurrer, the allegations of the libel must be accepted as true. These allegations, *inter alia*, are that the parties had been married prior to the separation about six months, half of which they had spent abroad; that they had not set up a permanent, or reasonably permanent, abode; that for the first weeks in Reading they lived at a hotel, and later, for several weeks, in a temporary apartment, and again for a part of a day at a second hotel; that between these shifts of residence the libellant sojourned at the home of her mother; that the libellant, when it became evident that their occupancy of the temporary apartment was about to terminate, requested the respondent to procure another apartment; that, in answer to libellant's request, the respondent notified the libellant by letter that he had provided accommoda-

Hendel v. Hendel.

tions for them at the second hotel; that she, on Sept. 12, 1924, went to the hotel and spent the evening alone; that the respondent came to the room after midnight and "immediately became very angry and abusive;" that they went to sleep, and at about 3.30 A. M. the libellant awoke to find the respondent approaching her "in a threatening attitude which terrified her and she left the room and returned to her mother's home;" that since that time the libellant has informed the respondent on a number of occasions that she was willing to return to him, but he has utterly failed to make any provision for her return.

The turning out of doors of the wife may be either actual or constructive. Ejection by force is, of course, actual; but it is also sufficient to sustain the charge to show that the wife was compelled to leave because of a threat to employ force, accompanied by a reasonable apprehension on the part of the wife that it would be used against her: Sowers's Appeal, 89 Pa. 173. In the present case, the libellant sets forth that when the respondent arrived after midnight he became "very angry and abusive," and that at 3.30 A. M. she awoke "to find the respondent approaching her in a threatening attitude which terrified her," whereupon she left. We cannot say that this is not an averment of a threat to employ force against her which put her in a reasonable apprehension that it would be used against her and justified her withdrawal. The mere failure of the libellant to set forth specifically the acts and words by which respondent's anger and abuse were manifested, and the details of his threatening attitude in approaching her, is not fatal: Breinig v. Breinig, 26 Pa. 161. It is a sufficient compliance with the Act of March 13, 1815, § 2, 6 Sm. Laws, 287, requiring the libellant to set forth "particularly and specially the causes of his or her complaint," to use sufficient terms specially setting out the cause of complaint: Hancock's Appeal, 64 Pa. 470.

The libel also avers subsequent offers by the libellant to return to the respondent and a failure on the part of the respondent to make provision for her. This, following the resumption of cohabitation on Sept. 12th, has been frequently held to be sufficient to make out the gravamen of turning the wife out of doors: Springer v. Springer, 15 Dist. R. 133; Grove's Appeal, 37 Pa. 443.

And now, to wit, Oct. 10, 1925, the demurrer is overruled and the respondent is given fifteen days in which to file his answer to said libel.

From Charles K. Derr, Reading, Pa.