**Cooper v. Cooper**

*Stuckenrath & Knepp*, for plaintiff.

*John B. Schaner*, for defendant.

LEHMAN, P. J., April 2, 1962.—Counsel for defendant has filed preliminary objections to plaintiff's second amended complaint in divorce. The reasons in support thereof may be summarized as follows:

1. Failure to set forth defendant's citizenship.

2. Failure to set forth the length of time plaintiff has resided in the Commonwealth.

3. Failure to set forth the ground of indignities to the person on which the action purports to be based.

4. Failure to set forth the ground of desertion on which the action purports to be based.

Counsel for defendant has also filed his motion for judgment by reason of the fact that this case was ordered for argument on November 30, 1961, at a time when there was no regular argument court.

Pennsylvania Rule of Civil Procedure 1126, as presently amended, provides, inter alia:

"The plaintiff shall set forth in the complaint as to the cause of action for divorce or annulment . . .

"(3) the citizenship, last known residence and pres-

ent whereabouts of the defendant or that the plaintiff has no knowledge thereof;

"(4) the lengths of time the plaintiff and the defendant have severally resided in the Commonwealth; . . .

"(6) the ground on which the action is based, stated substantially in the language of the Act of Assembly; . . ."

The above rule was amended effective October 1, 1961, and the Supreme Court expressly provided that the amendment applied to actions pending.

The Act of March 13, 1815, P. L. 150, 6 Sm. L. 286, sec. 11, required not only residence within the State for one whole year prior to the filing of the libel in divorce, but also citizenship in Pennsylvania. This act provided, inter alia: "No person shall be entitled to a divorce from the bonds of matrimony . . . who is not a citizen of this state, and who shall not have resided therein at least one whole year previous to the filing of his or her petition or libel." This dual requirement was subsequently abolished but throughout the intervening acts of assembly pertaining to divorce, the word "citizen", when used, concerned citizenship in Pennsylvania.[1] These acts of assembly as well as the decisions construing them point up the difference between the terms "citizen" and "resident."[2]

---

[1] Act of April 18, 1843, P. L. 340; Act of April 26, 1850, P. L. 590, sec. 6, which extended the jurisdiction of the Pennsylvania courts over certain causes of action, provided the libellant was either a citizen of Pennsylvania or, in the alternative, a resident therein for one year prior to the institution of suit: Act of May 8, 1854, P. L. 644, sec. 2; Act of March 9, 1855, P. L. 68; Act of April 22, 1858, P. L. 450, Act No. 451; Act of June 20, 1893, P. L. 471; Act of April 28, 1903, P. L. 326. See also Clee v. Clee, 2 D. & C. 199, 200; Heath v. Heath, 44 Pa. Superior Ct. 118, 123.

[2] King v. King, 17 D. & C. 25, 26; Freedman: Law of Marriage and Divorce in Pennsylvania (2d ed.), §§115, 116, 118 and cases cited therein.

Pennsylvania Rule of Civil Procedure 1126 must be construed in the light of the aforesaid legislative background. We are clearly satisfied that the word "citizenship" as used in said rule refers to State citizenship. Plaintiff's second amended complaint avers, inter alia: "The defendant is a citizen of the United States of America . . ." For the foregoing reasons, this does not comply with Pa. R. C. P. 1126.

The second reason assigned in support of counsel for defendant's preliminary objections is that the complaint fails to set forth the length of time plaintiff has resided in the Commonwealth immediately preceding the filing of complaint as required by the Act of September 27, 1955, P. L. 606, sec. 1. Plaintiff's complaint avers that he "has been a resident in the Commonwealth of Pennsylvania for a period of thirty-six years." Section 16 of The Divorce Law, enacted May 2, 1929, P. L. 1237, as amended September 27, 1955, P. L. 606, sec. 1, 23 PS §16, provides: "No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel: Provided, That, if the proceedings for divorce are commenced in the county where the respondent has been a bona fide resident at least one whole year immediately previous to the filing of such proceedings, in such cases, residence of the libellant within the county or State for any period shall not be required. The libellant shall be a competent witness to prove his or her residence."

Thus, it will be observed that divorce proceedings cannot be begun unless either plaintiff or defendant has been a bona fide resident in Pennsylvania at least one whole year immediately previous to the filing of the complaint. The complaint must set forth the jurisdictional facts. The test of the jurisdiction is the com-

plaint, not the evidence in support of it. The complaint in divorce must, therefore, aver the facts disclosing that plaintiff or defendant has been a bona fide resident of the Commonwealth for one whole year immediately preceding the filing of the complaint: Freedman: Law of Marriage and Divorce in Pennsylvania (2d ed.), §§131, 540; Frazer v. Frazer, 71 Pa. Superior Ct. 382; Masefield v. Masefield, 159 Pa. Superior Ct. 6, 46 A. 2d 329. It is to be noted that section 16 of The Divorce Law, enacted May 2, 1929, P. L. 1237, as amended, 23 PS §16, is not suspended or affected by Pa. R. C. P. 1409.

We do not know the age of plaintiff. It is possible that for 36 years he was a resident in Pennsylvania and then moved to another State where he established residence. The complaint in divorce must strictly comply with the requirement of the act which is a minimum of one whole year of residence immediately previous to its filing.

For the above reasons, counsel for defendant's second reason in support of his preliminary objections is well taken.

The third reason assigned charges failure to set forth the ground of indignities to the person. Plaintiff's second amended complaint charges that defendant "within the County of Mifflin and Commonwealth of Pennsylvania, and elsewhere, offered such indignities to the person of the Plaintiff as to render his condition intolerable and his life burdensome." It will be observed that almost the exact words of the statute were used in the complaint. Counsel for defendant argues that this is defective in that it fails to specify time and place.

Pennsylvania Rule of Civil Procedure 1126(6) provides that the complaint shall set forth "the ground on which the action is based, stated substantially in

the language of the Act of Assembly." While there is some conflict among the Pennsylvania authorities, the majority hold that a complaint in divorce need not specify time, place and circumstance of the cause of divorce.[3] Section 25 of The Divorce Law provided that "The petition or libel shall set forth therein, particularly and specifically, the cause of his or her complaint, . . .".[4] This section was suspended by Pa. R. C. P. 1459(2). We believe that it is significant that Pa. R. C. P. 1126(6) omits the requirement of that suspended section of the act which had used the words "particularly and specifically". In recent years there has been a growing tendency to simplify pleadings. To require a complaint in divorce to specify the times and places of various acts of cruel and barbarous treatment and of indignities to the person would approach a pleading of evidence rather than ultimate fact. Defendant has the right to obtain full details of the cause charged by a bill of particulars and he availed himself of these details as to time and place by obtaining a bill of particulars. We see no merit in this reason.

The last reason charges failure to set forth the ground of desertion. The second ground for divorce is couched in the following language: "The defendant has committed wilful and malicious desertion and absence from the habitation of the injured and innocent spouse without reasonable cause for and during the term and space of more than two years, the defendant

---

[3] See Garrat v. Garrat, 4 Yeates 244; Breinig v. Breinig, 26 Pa. 161; Hancock's Appeal, 64 Pa. 470; Realf v. Realf, 77 Pa. 31; Spengler v. Spengler, 15 W. N. C. 437; Wagner v. Wagner, 112 Pa. Superior Ct. 485, 493, 171 A. 419, allocatur refd. 112 Pa. Superior Ct. xxv; Butler v. Butler, 1 Parson 329, 332; Edwards v. Edwards, 9 Phila. 617; Freedman: Law of Marriage and Divorce in Pennsylvania (2d ed.), §543.

[4] Act of May 2, 1929, P. L. 1237, as amended, 23 PS §25.

having deserted the plaintiff's residence at Lewistown, R. D. 2, Derry Township, Mifflin County, Pennsylvania, without just cause or excuse on or about June 20, 1958 and that this wilful and malicious desertion from the habitation of the plaintiff, as aforesaid, the injured and innocent spouse, has continued since on or about June 20, 1958 and that the plaintiff has not and did not consent to this wilful and malicious desertion and absence from the habitation of the plaintiff, the innocent and injured spouse."

Counsel for defendant admits that the complaint uses the precise words of the statute as to this ground for divorce. He contends that this is insufficient because it fails to state the time or place of any desertion and otherwise does not properly charge defendant with desertion.

Cruel and barbarous treatment and indignities to the person usually comprise a course of conduct, comprising various incidents, that extend over a substantial period of time. To specify and particularize each incident as to time and place would make the complaint prolix. However, when desertion is charged there must have been a specific date when the desertion began. This date is important because the statute requires a continuous period of two years: Trussell v. Trussell, 116 Pa. Superior Ct. 592, 177 A. 215. Because of the time factor, a complaint charging desertion should allege the date the desertion began: Freedman: Law of Marriage and Divorce in Pennsylvania (2d ed.), §546; Tinkler v. Tinkler, 36 Montg. 333; Hertzler v. Hertzler, 4 Cumberland 126; Vasdahl v. Vasdahl, 70 Pitts. L. J. 229.

This requirement has been fully met and we are satisfied that the charge of desertion is properly pleaded.

Counsel for defendant's motion for judgment by reason of the fact that this case was ordered for

argument at a time when there was no regular argument court must be refused.

By local rule of court, adopted March 24, 1942, to no. 181, May term, 1942, "the Court of its own motion or upon motion of either party may order the argument of any case, which is ready for argument, at such time as the Court shall determine". This matter was "ready for argument" and accordingly by decree of court was specially set down for argument on November 30, 1961.

Finally, we deem it necessary to comment upon the interminable amount of pleadings that have beset this case. This action was instituted August 11, 1960. Much of this difficulty would have been avoided had there been more care exercised in the preparation of the complaint and its amendments and had counsel for defendant not been obsessed with the idea of using every available means to delay the hearing of the case on its merits.

The preliminary objection is designed as the exclusive method for the raising of all dilatory objections in a single step.[5] While every defendant should be permitted to require plaintiff to comply with the formal requirements of the pleading statutes or rules in advance of filing an answer to the merits, this should be done at one time.[6]

Pennsylvania Rule of Civil Procedure 1032 provides for an irrevocable waiver by defendant of any "defenses and objections" which are not presented by "preliminary objection" or by "answer", with certain exceptions. The exceptions are the familiar instances of jurisdiction over the subject matter, legal insufficiency of plaintiff's claim and the failure to join an

[5] Goodrich-Amram §1017(a)-6.

[6] Id. §1017(b)-1.

indispensable party. On the other hand, objections to jurisdiction over the person, errors in the form of the complaint and indefiniteness of the complaint will be waived unless they are the subject of a preliminary objection. Dilatory pleadings are to be reduced to a minimum with everything pointed toward the earliest arrival at the answer to the merits.[7] ". . . the defendant cannot attack the plaintiff's complaint in small bites. He cannot point out a particular defect by preliminary objection; have the court pass on it; compel the plaintiff to amend; and then attack the amended complaint by pointing out another particular defect which was in the original complaint.[8] This would make a travesty of the rule limiting the defendant to one dilatory stage. When an amended pleading is filed, defendant has the right of preliminary objection, but it is limited solely to matters which are new in the amended pleading and did not present themselves in the original complaint,[9] or to which he objected in the original complaint but which he considers still objectionable." [10]

We shall now apply these principles of law to our case. Counsel for defendant filed a preliminary objection to plaintiff's amended complaint. Two of the reasons assigned therein objected to the failure of said pleading to set forth the citizenship of defendant and the length of time plaintiff has resided in the Commonwealth of Pennsylvania immediately preceding the filing of the complaint. On October 2, 1961, we sustained both of these reasons and granted leave to plaintiff to file a second amended complaint in accordance with

[7] Id. §1017(b)-3.

[8] Id. §1017(b)-4 and cases cited in footnote.

[9] Id. §1017(b)-4 and cases cited in footnote.

[10] Id. §1017(b)-4; Fireman's Pension Fund v. Minnaugh, 80 D. & C. 297.

our decree. We filed no opinion with this decree. Plaintiff's second amended complaint, inter alia, alleged that "the defendant is a citizen of the United States of America" and that "the plaintiff has been a resident in the Commonwealth of Pennsylvania for a period of thirty-six years." There are no averments in said second amended complaint about the State citizenship of defendant or that plaintiff has been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his complaint. Thus, we observe that plaintiff's second amended complaint fails to correct these two objections which had been sustained. Interestingly enough, plaintiff's original complaint contained the necessary allegation of one whole year's residence in the Commonwealth prior to its filing but for some unexplained reason this averment did not appear in the second amended complaint. Both of these matters are still objectionable and counsel for defendant was within his rights to file a preliminary objection to the second amended complaint and assign each as a reason in support thereof. Furthermore, the averment of a year's residency immediately prior to filing the action is a jurisdictional requirement over the subject matter and as long as there is no such averment, a preliminary objection lies or the cause should be dismissed. There is little to be gained by dismissing the proceeding as plaintiff has shown every evidence of desiring to have it tried on its merits.

For the above reasons, we enter the following:

### Decree

Now, April 2, 1962, after argument and due consideration, counsel for defendant's preliminary objection is sustained as to the first and second reasons and overruled and refused as to the third and fourth rea-

sons. Plaintiff is hereby given leave to file a third amended complaint in accordance with this opinion within 20 days from this date. Counsel for defendant's motion for judgment is refused. Exceptions are noted to Stuckenrath and Knepp, Esqs., counsel for plaintiff and to John B. Schaner, Esq., counsel for defendant.