## Barber v. Baltimore & Ohio Railroad Co.

*Alan D. Levy,* for plaintiff.
*John J. Repcheck,* for defendant.
*Robert L. Simmons,* for Commonwealth.

BARRY, *J.*, January 9, 1980—This case involves a motor vehicle accident in which the Commonwealth of Pennsylvania, Department of Transportation, in a complaint filed February 21, 1978, is named as one of the defendants. The complaint alleges that the Commonwealth did own, operate, maintain and control the highway involved. Defendant Department of Transportation filed preliminary objections on August 7, 1979 and also filed amended preliminary objections on August 28, 1979. An appearance had already been entered on behalf of this defendant on March 29, 1979. The amended preliminary objections are in the nature of a demurrer raising the bar of sovereign immunity and, in addition, the failure of plaintiff to comply with the provisions of the Act of September 28, 1978, P.L. 788, sec. 2 [Act 1978-152], especially section 5522 thereof, 42 Pa.C.S.A. §5522, which section requires written notice to the Commonwealth within six months from the date of an injury unless compliance is excused by the court.

In support of its contention that preliminary objections are proper in a case of this type, the Commonwealth cites Brungard v. Hartman, 46 Pa. Commonwealth Ct. 10, 405 A. 2d 1089 (1979). In that case, which involved an explosion at a state college, plaintiffs sued the college and a professor of chemistry. After the filing of suit the Supreme Court decided Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978), which abrogated sovereign immunity. The Supreme Court then vacated the order of the Commonwealth Court dismissing the complaint in the Brungard case and remanded that case for consideration in light of Mayle, and DuBree v. Com., 481 Pa. 540, 393 A. 2d 293 (1978). The General Assem-

bly subsequently passed Act 1978-152 which reinstated sovereign immunity for some purposes. The Commonwealth Court sustained the demurrer against Mansfield State College (the Commonwealth) because plaintiff's claim did not fall within any of the exceptions permitting recovery, although the constitutionality of Act 1978-152 was sustained.

In the instant case, it is not possible for the court to sustain the demurrer filed by the Commonwealth. The Act, 42 Pa.C.S.A. §5110, does not bar an action in the instant case. The court must accept as true the averments of the complaint for this purpose and a case has been stated within the limited waiver of immunity of Act 1978-152.

Defendant Pennsylvania Department of Transportation argues that it is really raising a question of jurisdiction which should be decided by the court in limine after, if necessary, the taking of testimony on the question of the ownership of the highway. If this be true, defendant has not followed the provisions of Pa.R.C.P. 1028(c). See 2 Goodrich-Amram 2d §1028(c):2:

"Where new factual matters are raised, the preliminary objection proceedings become in effect a new subsidiary issue, to be determined preliminarily prior to the adjudication of the main issues on the merits. The preliminary objection thus becomes a 'complaint' subject to all the rules of pleading of the complaint, including the endorsement of a notice to plead and a verification of the new averments of fact not of record. The plaintiff, as the defending party, has the right to file a preliminary objection raising any appropriate defenses or objections to the defendant's 'pleading' and has the

duty of filing an answer, within 20 days, unless extended, to the averments of fact which in all respects will be equivalent to the defendant's answer to the complaint if the preliminary objections are endorsed with the notice to plead."

The court could allow a petition raising a question of jurisdiction to be filed to bring this matter to a head. However, the court is of the opinion that this does not actually raise a jurisdictional question: Holmes Petition, 383 Pa. 99, 117 A. 2d 704 (1955). The Act, 42 Pa.C.S.A. §931, provides under the heading "Original jurisdiction and venue" the following:

"(a) General Rule.—Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the court of common pleas and actions pursuant to section 5110 (relating to limited waiver of sovereign immunity)."

It appears to the court clear that the Judicial Code did not intend to confer jurisdiction only in those cases where it was determined preliminarily that there was a limited waiver of sovereign immunity.

The court believes that a motion for summary judgment with accompanying affidavits and counter-affidavits is the proper way to raise the defense of sovereign immunity. This defense is affirmative and must be pleaded. Pa.R.C.P. 1030 requires the defense of "immunity from suit" to be pleaded under the heading "New Matter."

As for the contentions that defendant failed to file timely preliminary objections and untimely filed an amendment to those preliminary objections and the contention of defendant that plaintiff failed to comply with the provision of 42 Pa.C.S.A. §5522, the court is of the opinion that these time provisions, in view of Mayle, supra, DuBree, supra, and Brungard, supra, and the passage of Act 1978-152, require all time provisions to be construed liberally in favor of the allegedly defaulting party.

Whether it was proper for plaintiff to file a "motion to quash preliminary objections and dismissal," is, therefore, moot. The court might add it doubts the propriety of such a motion since a preliminary objection is a pleading the efficacy of which should be decided after argument on the merits of the preliminary objection.

The defendants' preliminary objections are overruled.

### ORDER

And now, January 9, 1980, the preliminary objections of defendant, Commonwealth of Pennsylvania, Department of Transportation, are hereby overruled. Defendant shall have 20 days from the date hereof to file appropriate pleadings.